### CUMMING *et al. v.* McDADE, administratrix.

1. To the extent of the debt secured thereby the holder of collateral security has an interest in the property pledged, which he may convey to another, subject to the pledgor's right to redeem.
2. Where a debt is secured by a deed to land, the creditor may transfer the whole or any part of the debt, and with it may convey the land itself. Such conveyance is not a breach of the bond for title to reconvey, since the sub-purchaser takes the property subject to the right of the debtor to redeem on payment of the loan.
3. The borrower is not entitled to a reconveyance from the original grantor or the subgrantee until payment in full of the debt secured by the deed.
4. The original lender and grantee in the security deed is not responsible to the

grantor, if one purchasing a part of the debt and taking a quitclaim deed to the security was, by reason of another outstanding record title in himself, enabled to convey a title to an innocent third person, thereby defeating the rights of the grantor in the security deed ; there being no suggestion that the quitclaim deed and sale of the debt were made with knowledge of the subgrantee's intent to perpetrate a fraud.

Argued July 17, — Decided August 14, 1903.

Action for breach of contract. Before Judge Brinson. Richmond superior court. December 15, 1902.

Amanda McDade, on January 3, 1893, conveyed 275 acres of land to M. F. McDade, as security for a debt. The deed was duly recorded. On February 5, 1895, M. F. McDade indorsed thereon a statement that the debt had been paid, "and this deed is hereby cancelled and satisfied in full." This satisfaction was not recorded, but the original deed, with the satisfaction thereon, was delivered by Amanda McDade to Carolyn P. Cumming, administratrix of E. C. Palmer, when Amanda McDade borrowed from her $1,150 and executed as security therefor a deed to the same land, reciting on the face thereof that the conveyance was made under the provisions of the Code of 1882, §§ 1969, 1970, to secure a loan "made this day, bond for titles executed concurrently herewith," and authorizing the grantee to sell the property at public or private sale after thirty days notice to the party of the first part. On the same day Carolyn Cumming, administratrix of E. C. Palmer, delivered to Amanda McDade a bond conditioned to reconvey upon the payment of the debt. The petition of E. F. McDade, administratrix of Amanda McDade, avers that the defendant, Carolyn Cumming, administratrix, knowing that M. F. McDade had no title, on March 1, 1900, conveyed the land to him for the alleged consideration of $350, and thereupon he sold the property to Rozier for $1,500, and out of the proceeds paid to the defendant $350, which was credited on the debt of Amanda McDade, who never knew of the conveyance to M. F. McDade or of the deed from him to Rozier ; that the plaintiff tendered to the defendant $890.98, the balance due on her intestate's debt, and demanded from her a reconveyance of the land sold by her to M. F. McDade ; that she refused to make said conveyance, but entered on the security deed a recital that the debt "was paid in two instalments, to wit, $350 on March, 1, 1900, at which time the said C. P. Cumming, adminis-

tratrix, quitclaimed to M. F. McDade the 275-acre tract . . described within, and the balance of the indebtedness is paid this date by E. F. McDade, admrx. of A. McDade." Petitioner avers that in her opinion Rozier is a bona fide purchaser from M. F. McDade, and it is not possible to recover the land for the estate; that the property has been lost by the act of the defendant in making a deed to the same to M. F. McDade; that had the defendant recorded the release on the deed from M. F. McDade to Amanda McDade, which put the title back in Amanda McDade, which it was her duty to do, not only to protect her own security but the title in said Amanda McDade, Rozier could never have purchased the property from other than its true owner, Amanda McDade; that there has been a breach in the contract to reconvey, and that breach has damaged the estate in the sum of $890.98. The defendant filed a general demurrer, and at the second term filed a plea reciting that on a given date (which it appears was during the first term) she received from the court of ordinary letters of discharge and dismission as administratrix of the estate of Palmer. Exception was taken to the overruling of the demurrer and to the striking of this plea.

*Joseph B. & Bryan Cumming*, for plaintiff in error.
*Henry C. Roney*, contra.

LAMAR, J. (after stating the facts.) The holder of collateral has an interest in the property pledged as security, which he is authorized to transfer; such sale, assignment, or transfer, of course, being subject to the right of redemption in the original debtor. If the collateral consists of negotiable instruments, a subpurchaser without notice may acquire an absolute title; and if the debtor is injured thereby, he may recover from the original pledgee any special damages sustained by reason of the transfer. Where the security consists of non-negotiable instruments, or personal property, the special assignee or subpledgee, of course, acquires no greater interest than that held by the person under whom he claims. The original debtor, by paying or tendering the amount due, is entitled to the possession of his property. Talty *v.* Freedman's Savings Co., 93 U. S. 321; Coleb. Coll. Sec. (2d ed.) §§ 79–82. Where land has been conveyed by security deed, the creditor may transfer the whole or any part of the debt and with it the real estate

as security. *Hunt* v. *New England Mortgage Co.*, 92 *Ga.* 720; *Moss* v. *Stokely*, 107 *Ga.* 233–4; Civil Code, §§ 3684, 5432. Consequently M. F. McDade had the right to purchase the notes due Mrs. Cumming, and she had the corresponding right to convey the whole or a part of her interest in the property on his paying or acquiring the whole or part of the debt. He took the land subject to Amanda McDade's right of redemption. The fact that other records in the clerk's office made him the apparent owner of the land did not deprive the lender of the power to sell him the debt and security. And there being no suggestion that she knew of any fraudulent intent, she is not responsible for his subsequent conduct in selling to Rozier the fee in property, to which she had only conveyed him a qualified interest to the extent of $350.

If the owner *sells* land, and gives a bond to make title on the payment of the purchase-money, and then conveys to a third person, he has put it out of his power to comply with his contract, and thereby committed a breach of his bond. *Gibson* v. *Carreker*, 91 *Ga.* 617. But this case relied on by the defendant in error has no application to this, where land was conveyed as security and where, as has been shown, Mrs. Cumming had the right as creditor to sell. The exercise of the right, of course, could not be a breach, nor did the conveyance to M. F. McDade deprive the estate of Amanda McDade of any interest it held in the land, or of the privilege of redeeming and obtaining a reconveyance on full payment of the debt. The bond for titles does not stipulate for warranty or quitclaim, but provides that the lender "will reconvey the said premises upon a full compliance with the conditions set out in the promissory note." The original debt was $1,150. When she demanded the deed, the administratrix of Amanda McDade only tendered $890. It is not claimed that she has paid the other $350 to Mrs. Cumming, to M. F. McDade, or to Rozier. If the $890.98 satisfies the only interest which Mrs. Cumming retained in the property as security, then she has complied with the condition of the bond by making a reconveyance of the kind provided for in the Civil Code, § 2774. If the administratrix of Amanda McDade takes the benefit of the payment of the $350 by M. F. McDade, she must likewise approve of the quitclaim deed made to him at the time by Mrs. Cumming in consideration thereof; for she can not ratify in part and repudiate in part. Civil Code, § 3021. If

she does not recognize the validity of that payment or the right to transfer the security to M. F. McDade, then the original $1,150 has not been fully paid, and the plaintiff is not entitled to a reconveyance according to the terms of the bond.   If she tenders to Rozier or M. F. McDade the $350 and they refuse to make her a quitclaim deed, or to enter the satisfaction, she may be entitled to have the cloud on her title removed, and the deed marked satisfied.   But she is now asking for a reconveyance before she has paid the $1,150 to any one

If Mrs. Cumming failed to have the satisfaction on the deed from Amanda to M. F. McDade entered of record, she incurred the risk of having her security deed defeated by a sale to an innocent purchaser from M. F. McDade, the apparent holder of a superior title.   But she was under no legal obligation to have the satisfaction recorded, especially when Amanda McDade herself had neglected for several years to have it so entered.

The bond signed, "Carolyn P. Cumming, admx. Estate E. C. Palmer," was her individual undertaking; and it is therefore unnecessary to consider the effect of her discharge as administratrix by the court of ordinary.   *Judgment reversed.   By five Justices.*