## SWINSON *v.* SHURLING *et al.*

PER CURIAM. 1. Where A, the owner of land, contracted to sell the same to B, and accordingly executed a bond to make title when full payment should be made as stipulated in the contract, deferred payments being evidenced by promissory notes, and where the purchaser failed to pay some of said notes, and the vendor indorsed and transferred one of them to C, and to secure the payment of the note so indorsed executed a security deed conveying said land to C, which deed contained a provision empowering C to sell the said land to pay said note of B, and, B having failed to pay said note, C did sell said land after full compliance with the terms of the power of sale, the purchaser at such sale acquired all of the interest in said land possessed by A at the time he executed the security deed to C. As a matter of course, A held the legal title to the land subject to the equity of B.

2. Where, under the circumstances stated above, C brought suit on the note of B, transferred to and held by him, and obtained a judgment on which execution issued, and the same was assigned to D, who had purchased the interest of A in the land at the sale conducted by C, and D, having executed a quitclaim deed to B, had the same filed and recorded for the purpose of levy and sale under the fi. fa. assigned to him

---

Estates, 21 C. J. p. 1037, n. 82.

Vendor and Purchaser, 39 Cyc. p. 1663, n. 16, 19; p. 1810, n. 83; p. 1850, n. 59; p. 1880, n. 7; p. 1882, n. 21; p. 1886, n. 57.

by C, and, after such filing and recording of such deed and the due filing of the execution, the latter was levied on the land for the purpose of selling the interest of B, and the land was accordingly sold by the sheriff to D and a proper deed was executed and delivered, D acquired thereby all of the interest of B. *Cumming* v. *McDade,* 118 *Ga.* 612 (2) (45 S. E. 479) ; *Harvard* v. *Davis,* 145 *Ga.* 583 (89 S. E. 740). Compare *Carlton* v. *Reeves,* 157 *Ga.* 602 (122 S. E. 320).

3. "In cases where a contract to purchase has been made, or bond for title made, or the purchase-money has been partly paid . . and the purchase-money or secured debt has been reduced to judgment by the payee, assignee, or holder of said debt, the *holder of the legal title* [italics ours] . . shall, without order of any court, make and execute . . a quitclaim conveyance to such real or personal property, and file and have same recorded in the clerk's office; and thereupon the same may be levied upon and sold as other property of said defendant," etc. Civil Code (1910), § 6037. Under this provision, the "holder of the legal title," and not the original vendor, was the proper person to execute the quitclaim deed under the fi. fa., which was done in this case, the vendor having conveyed the legal title to D. If the note only had been transferred and no deed had been made conveying the legal title to the land as security, then it would have been necessary, after the transferee had obtained judgment, that the vendor execute a quitclaim deed to the purchaser before the fi. fa. could have been levied, because in that event the vendor would have continued to be the holder of the legal title. *Maddox* v. *Arthur,* 122 *Ga.* 671 (3), 675 (50 S. E. 668).

4. Having acquired the entire interest in the land, consolidating the legal and the equitable title, D was as such owner entitled to be put in possession.

5. B, the purchaser, who had never paid for the land and had suffered judgment to be rendered against him, and the land to be sold to satisfy the fi. fa. issued against him, although he may have afterwards tendered the amount due by him, of which there is no proof, was not entitled to hold the land nor to an injunction to prevent the sheriff from dispossessing him. *Cumming* v. *McDade,* supra.

6. Accordingly the court erred in refusing to grant a new trial.

*Judgment reversed. All the Justices concur.*

No. 5038. SEPTEMBER 11, 1926.

Equitable petition. Before Judge Graham. Appling superior court. July 11, 1925.

W. C. Shurling filed a petition against H. G. Swinson and L. D. Carter, sheriff of Appling County, and alleged substantially the following facts: On November 24, 1917, the petitioner purchased from Ira Leggett a certain described tract of land, containing 110-3/4 acres, more or less, and Leggett executed to petitioner a bond for title conditioned to convey said property with good and sufficient title in consideration of the payment of $300 cash, and four promissory notes—one for $200 and interest due December

1, 1918, one for $300 and interest due December 1, 1919, one for $300 and interest due December 1, 1920, and one for $400 and interest due December 1, 1921. Petitioner paid $300 cash, executed said notes, and delivered same to Leggett, received from him said bond for title, went into possession of said land, and has remained in possession thereof up to the present time. Of the deferred payments set forth, petitioner paid the note for $200 falling due December 1, 1918, but has been unable to pay the three remaining notes except a small payment on the first $300 note. He has been informed by Leggett that he traded the note for $400 due December 1, 1921, to J. H. Jenkins, and that he placed the remaining two notes with the First National Bank of Fitzgerald as collateral. Said bank made demand on petitioner for payment of said notes, but Leggett notified petitioner not to pay same; but said notes have not been sued upon, and petitioner is not able to say who holds legal title to same, and is unable to say whether such transfer thereof as was made by Leggett was such as to hold the land "as security under said bond for title, but petitioner says that same represent part of the purchase-price of said land as specified in said bond for title, and are outstanding notes." The note for $400 was transferred to Jenkins, and he as transferee sued petitioner thereon in the city court of Baxley and obtained judgment. Defendant H. G. Swinson claims to have obtained a transfer of said execution, and claims to have had the execution levied upon the described land, and claims to have purchased said land at the sale had under such levy.

On January 8, 1924, Swinson and Carter, sheriff, came to petitioner's home and notified him that after the expiration of three days they would oust petitioner from said home and land under an order of the court, Swinson claiming that under the deed executed to him in pursuance of the sale above mentioned the court had authorized the sheriff to oust petitioner and his family from the premises; and exhibited to petitioner an order from the court authorizing the sheriff to oust petitioner unless good cause be shown to the contrary. The proceeding to oust petitioner is illegal and without authority of law, because the levy and sale of the land to which petitioner held only bond for title is unlawful, and the deed made in pursuance of such sale is void. In this connection petitioner says that Leggett has never made a fee-simple title

to said land to petitioner; neither has he made a quitclaim conveyance to petitioner for the purpose of levy and sale under said execution, which must be done before such levy and sale can be had. If Swinson held the transfer of said execution, he only held "a prorating interest jointly with the other parties holding the purchase-money notes," and the execution, being based upon a claim for purchase-money, gave him no right to have the land levied upon and sold, and said sheriff's deed is a cloud on petitioner's title, is void, and should be canceled. Unless defendants are restrained from ousting petitioner, he will be irreparably damaged. Petitioner has made and now makes a tender to Swinson of the amount of said execution, with costs. Petitioner has no adequate remedy at law, and prays: for process, for a rule nisi directed to the defendants; for an order restraining the defendants from ousting petitioner until the hearing; that upon a hearing defendants be so enjoined by an interlocutory injunction, and that upon the final hearing the injunction be made permanent; that the levy, sale, and execution above mentioned be set aside and annulled; that petitioner have judgment against the defendants for such damages as he has incurred; that the order heretofore granted by the court, authorizing the sheriff to oust petitioner, be modified and revoked; and for such further relief as the exigencies of the case may require.

In answer to the petition, Swinson pleaded ignorance of the holder of any of the notes referred to in the petition, other than the one for $400 which had been transferred to Jenkins. Further that, when Leggett transferred the note for $400 to Jenkins, he executed a security deed conveying the described land as security for the payment of the note, said deed containing a power of sale; and that, when said note became due and was not paid, the power of sale contained in the deed was exercised in accordance with the terms thereof and said land was sold. Defendant purchased it at such sale, received a deed thereto from Jenkins, and became the owner of all the right, title, and interest then held by Leggett. After defendant bought the land, he had the execution mentioned in the petition transferred to him, and, in compliance with law, executed and filed in the clerk's office of the superior court of Appling County and had recorded a quitclaim deed for the purpose of levy and sale, in order that he might sell whatever interest

the petitioner had in said land. Afterward the sheriff levied on the land and sold it under said execution, and petitioner was the purchaser at such sale and received from the sheriff a deed which is attached to the answer. Defendant did not know there were any other notes outstanding for the purchase-price of said land; and, if the holder of said notes did not wish to collect them, they had the right to withhold them. Defendant denies the tender alleged in the petition, and alleges that he offered to allow petitioner to so redeem the land, but that the latter failed to do so. Defendant has paid out about $800 principal, interest, and costs for said land and is entitled to it. He alleges that petitioner is endeavoring to hold the land without paying for it.

At the trial, the plaintiff introduced as a witness Ira Leggett, who testified to the execution of the bond for title to W. C. Shurling, and that notes were given in accordance with the terms of the bond. Shurling paid the first note for $200, and made a payment of about $50 on the second note. While Shurling still owed the balance of note No. 2 and notes 3 and 4, witness transferred notes 2 and 3 to another party, and afterwards transferred note No. 4 to J. H. Jenkins as security for a debt, and executed to Jenkins a security deed as set forth in the pleadings. Notes Nos. 2 and 3 have not been paid, and are held by the National Bank of Fitzgerald. Witness never made Shurling a deed to the land and never made a quitclaim deed to the land for the purpose of levy and sale. The only papers witness has executed concerning the land were the bond for title to Shurling and the security deed to Jenkins. Witness claims no interest in the land. The other notes (Nos. 2 and 3) were transferred with witness's indorsement. Witness owed J. H. Jenkins a debt, and gave him the note and security deed to settle it. Plaintiff also introduced in evidence bond for title from Ira Leggett to W. C. Shurling, dated November 15, 1917, recorded January 3, 1918. The defendant introduced in evidence a security deed with power of sale, from Ira Leggett to J. H. Jenkins, dated October 7, 1921; also deed dated December 5, 1922, by J. H. Jenkins, attorney in fact for W. C. Shurling, to H. G. Swinson. In this deed it is recited that, "whereas W. C. Shurling did . . execute to Ira Leggett his promissory note for $400, . . and whereas Ira Leggett did . . make and execute to J. H. Jenkins a security deed securing the payment of said

note, . . and the deed to secure the debt . . was given to secure the note of W. C. Shurling, . . and said deed provided . . that said Jenkins was constituted attorney in fact of said Ira Leggett to sell said property, . . and after advertising the time, place, and terms of sale, . . and whereas the said Ira Leggett . . had not paid said note at its maturity, . . the said J. H. Jenkins advertised the same in accordance with the terms of the deed and sold the land to H. G. Swinson, he being the highest and best bidder, for the sum of $510," and, as authorized by said security deed, does now convey to said Swinson the described land, Swinson to hold and enjoy the same "in as full and complete a manner as same was held and owned by said Ira Leggett as aforesaid." Defendant also introduced in evidence the original suit by J. H. Jenkins against W. C. Shurling, principal, and Ira Leggett, indorser, with judgment and execution thereon for $400 principal, $157.50 interest, $50 attorney's fees, and $17.35 costs; said judgment being dated August 7, 1922. On said execution was an assignment from Jenkins to Swinson, and said execution was duly recorded. Defendant also tendered in evidence a quitclaim deed dated January 10, 1923, from H. G. Swinson to W. C. Shurling, recorded January 10, 1923, reciting that it is made for the purpose of placing title in said Shurling for the purpose of levying upon and selling the described land to satisfy the execution above referred to. Defendant tendered in evidence the fi. fa. based upon the judgment above mentioned, with entry of levy thereon by Carter, sheriff, dated January 10, 1923, and also deed from Carter, sheriff, to Swinson, executed after sale of said land under such levy, dated March 8, 1923, and reciting a consideration of $300. Swinson swore that he had the quitclaim deed to Shurling filed and recorded before the fi. fa. was levied on the land. There was no substantial conflict in any of the evidence.

*Hartwell L. Williams,* for plaintiff in error.

*Wade H. Watson,* contra.