### 11294.   TOOKE *v.* THE STATE.

BLOODWORTH, J.   1. It is insisted that "the evidence in the case justified and demanded a charge of the court on the question of alibi, and in fact the reading of the record will disclose that the main defense relied upon by the defendant in this case was an alibi;" that in his original charge the judge did not refer to this defense, but after the jury had retired to their room they were recalled by the judge and charged on alibi. In a note to this ground of the motion for a new trial the judge says: "The jury had entered the jury-room, the door closed, but immediately [they were] brought back and the charge given of which complaint is made in this first amended ground." It is not claimed that the supplemental charge was given in the absence of the accused or his counsel. In *Davis v. State,* 122 *Ga.* 564 (3) (50 S. E. 376), it was held: "The judge in a criminal case may recall the jury and deliver further instructions upon the law of the case; and so doing will not be cause for a reversal when the prisoner is present at the time of such instructions, or his absence is not brought about by any act of the court, and when the instructions are legal and pertinent."

2. "When the court had fairly and correctly charged the doctrine of reasonable doubt as applicable to all the evidence in the case and the statement of the defendant, there was no error in failing to charge the special proposition that if the evidence offered in support of the defense of alibi, even though insufficient to establish that as a substantive defense, yet, when taken in connection with all the other evidence in the case, raised a reasonable doubt of guilt, the jury should acquit. Especially is this true when no request was made to the court to so instruct the jury. *Shaw v. State,* 102 *Ga.* 665 [27 S. E. 477]." *Bass v. State,* 1 *Ga. App.* 728 (4) (57 S. E. 1054). This disposes of the 2d ground of the amendment to the motion for a new trial.

3. The court did not err in charging the jury as follows: "The defendant has a right in all criminal trials to offer testimony or put in evidence as to his character. Wherever that is done, then that presents an issue to the jury, presents a question of fact to the jury, to determine what kind of character has been shown for the defendant; and I charge you that proof of good character may of itself generate in the minds of the jury a reasonable doubt of the guilt of the accused. While that is true, if the testimony in the case convinces the minds of the jury of the guilt of the accused, beyond all reasonable doubt,—if the conviction has been carried to their minds to that extent,—then they are authorized to convict, even though they find there is proof of good

character shown for the defendant." See *Jackson* v. *State*, 76 *Ga.* 552 (9), 562 (8), 569 (9); *Shropshire* v. *State*, 81 *Ga.* 591 (8 S. E. 450); *Mills* v. *State*, 17 *Ga. App.* 116 (1) (86 S. E. 280).

4. While the sheriff was on the witness stand and after he had sworn that he had found the defendant engaged in operating a still, he was asked by counsel for the accused if he had any warrant for the defendant. The sheriff answered, "I didn't have a warrant for him; I didn't need any." Upon objection by the solicitor-general to this evidence as immaterial, the judge asked counsel for the defendant, "What is the purpose of that?" Counsel replied, "To show an illegal arrest." The court then said, "I will rule there was no illegal arrest." So far as the record shows, the attorney for the accused made no further statement. In what is stated we find no error that would warrant the grant of a new trial, especially in view of the qualifying note of the judge, attached to this ground of the motion for a new trial.

5. A witness for the State was placed upon the witness stand. Counsel for the accused "requested the court to instruct the witness that he was not compelled to testify in this case to any matter that would incriminate him, or bring reproach upon him." The judge asked the solicitor-general, "Have you a charge against this defendant?" The solicitor-general replied, "There is a charge to which he has entered a plea of guilty and been sentenced." The judge then said, "You can go ahead with the witness then," and refused to instruct the witness as requested. This ruling was not error for any reason alleged. For the State to show that the witness offered by it had pleaded guilty to a criminal charge certainly could not have injured the cause of the accused. This disposes of grounds 5, 6, and 7 of the motion for a new trial.

6. A witness for the defendant testified, in answer to a question of the solicitor-general, "I have drank some; yes, sir, somewhat habitually." Counsel for the defendant objected to this evidence, and moved to rule it out as "immaterial and irrelevant." "The admission of testimony which is entirely immaterial and irrelevant to the issues being tried furnishes no ground for a new trial, unless the testimony is of such a nature as to prejudice the movant's cause before the jury." *Johnson* v. *State*, 128 *Ga.* 71 (2) (57 S. E. 84). We cannot say that this evidence is "manifestly prejudicial," and the assignment of error does not point out "wherein it is harmful." *Brown* v. *State*, 119 *Ga.* 572 (2) (46 S. E. 833).

7. There is ample evidence to support the verdict; the trial judge, who saw and heard the witnesses, approved the verdict; and as no error of law was committed, we are powerless to interfere.

*Judgment affirmed. Broyles, C. J., and Luke J., concur.*

DECIDED APRIL 14, 1920.

Indictment for manufacture of liquor; from Macon superior court—Judge Littlejohn. January 7, 1920.

*Shipp & Sheppard,* for plaintiff in error.
*Jule Felton, solicitor-general,* contra.