### 27475.  BALLENGER v. THE STATE.

DECIDED JULY 14, 1939.

*Waller Matthews, L. E. Moon, D. B. Howe,* for plaintiff in error.
*Hal C. Hutchens, solicitor-general,* contra.

MACINTYRE, J.  F. S. Ballenger was indicted for maintaining and keeping "a lewd house or place for the practice of fornication or adultery," as defined in the Code, § 26-6102, and also for keeping and maintaining "a common, ill-governed, and disorderly house, to the encouragement of idleness, gaming, drinking, or other misbehavior, or to the common disturbance of the neighborhood or orderly citizens," as defined in Code, § 26-6103.  Only the second charge was submitted to the jury, and they returned a verdict of guilty thereon.  A motion for new trial was made and overruled, and the defendant excepted.

The evidence disclosed that the defendant operated a roadside establishment equipped to sell gasoline and oil, drinks, eats, and other and perhaps stronger refreshments.  His place was

known as the "D & D," which meant, as we understand the evidence, "Dine and Dance." Several witnesses who lived in the surrounding community testified that a considerable amount of disturbing noise resulted from the crowds that gathered there, especially during the week-end, and that this continued into the early morning hours. The evidence clearly indicated that the noises and disturbances which emanated from the defendant's place of business were the result of the drinking of intoxicants by those who frequented the place. To corroborate this, the State introduced evidence showing that before the indictment and during the time in question, whisky and gambling devices had been found on the premises and the defendant had pleaded guilty to charges based thereon. This evidence, together with the other evidence introduced, was peculiarly relevant to sustain the offense charged, and the court did not err in admitting it over the objection that it was irrelevant and put the defendant's character in issue. *Fanning* v. *State,* 17 *Ga. App.* 316, 320, 321 (3) (86 S. E. 731). As a general rule, the fact that certain evidence discloses the commission by the defendant of a crime other than that for which he is being tried, makes it none the less admissible where it is otherwise material and relevant. *Adams* v. *State,* 55 *Ga. App.* 729 (2) (191 S. E. 280) ; *Sanders* v. *State,* 54 *Ga. App.* 238 (2) (187 S. E. 608), and cit.

■ We do not find however, that the trial was otherwise free from error. The sheriff, a witness for the State, was permitted to testify that a few days before the trial a warrant had been sworn out against the defendant for possessing whisky, and that the defendant had been arrested thereunder and had made bond. This warrant, which was introduced in evidence by the State, had been sworn out by a person other than the sheriff, and the sheriff was not swearing to the truth of the statement contained therein. Counsel for the defendant objected to this evidence on the ground that it was immaterial and irrelevant, and we think the objection should have been sustained. This evidence was not admissible and could serve no purpose but to prejudice the minds of the jury. The existence of a mere warrant against the defendant for the possession of whisky illustrated no issue in the case, and it certainly did not constitute competent evidence of the defendant's possession of whisky as charged therein. It could be no more logically said

that this warrant was evidence that the defendant was guilty of possessing liquor, than that the present indictment could be said to be evidence that he kept and maintained a disorderly house. For this reason we think the judgment of the trial judge overruling the defendant's motion for new trial must be reversed. *Killian* v. *Georgia Railroad &c. Co.*, 97 *Ga.* 727, 730 (25 S. E. 384); *McCray* v. *State*, 134 *Ga.* 416, 424, 425 (68 S. E. 62); *Whitley* v. *State*, 188 *Ga.* 177 (3 S. E. 2d, 588).

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. I can not agree with the ruling in headnote 2. The sole objection to the evidence was "that it was immaterial, irrelevant, and prejudicial." Under the holding of this court in *Hayes* v. *State*, 36 *Ga. App.* 668 (137 S. E. 860), the evidence was admissible to show the defendant's intent, motive, and course of conduct.