33214. WATERS *v.* THE STATE.

Decided October 31, 1950.

*C. L. Cowart*, for plaintiff in error.

*Donald H. Fraser, Solicitor-General*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ▮ Ground 1 of the amended motion for a new trial assigns error upon the admission into evidence over objection of an indictment returned by the grand jury of Tattnall County on October 8, 1949, charging the defendant, his son Algerine Waters, and Ansel Harden jointly with cattle stealing, for which offense the defendant had not yet been tried. (See *Harden* v. *State*, 81 *Ga. App.* 638, 59 S. E. 2d, 563). Objection was made to the indictment upon the grounds that its effect was to put in evidence the character of the defendant, and that said evidence was irrelevant and prejudicial and illustrated no issue in the case.

Although a witness in a case may be discredited by showing his conviction of an offense involving moral turpitude, he may not be discredited by showing merely that he was charged and tried for such offense, since "until there is proof of conviction he is protected by the legal presumption of innocence." See *Killian* v. *Ga. R. & Bkg. Co.*, 97 *Ga.* 727, 730 (25 S. E. 384). The same rule applies where a defendant on trial for a criminal offense is sought to be connected with other criminal transactions. Although evidence of another crime may sometimes be admissible in a criminal prosecution, as where its purpose is to show motive, scheme, or intent, or a system of mutually dependent crimes, or it bears upon the question of identity of the accused or articles connected with the offense (Code § 38-202; *Loughridge* v. *State*, 181 *Ga.* 261 (1),

182 S. E. 12; *Cooper v. State,* 182 *Ga.* 42 (3), 184 S. E. 716, 104 A.L.R. 1309; *McKay v. State,* 200 *Ga.* 120 (2) 36 S. E. 2d, 55), yet, to be admissible, it must be legal evidence that the crime was committed, and the mere indictment furnishes no such evidence. As stated in *McCray v. State,* 134 *Ga.* 416 (68 S. E. 62, 20 Ann. Cas. 101): "An indictment is a mere charge or accusation by a grand jury, and is no evidence of guilt." In *Ballenger v. State,* 60 *Ga. App.* 344 (4 S. E. 2d, 58) the defendant was charged with maintaining a disorderly house. It was there held that the introduction in evidence of a warrant charging the defendant with possessing whisky, under which he had been arrested subsequently to his first arrest and before the trial of the case, was error requiring the grant of a new trial. The court there stated: "The existence of a mere warrant against the defendant for the possession of whisky illustrated no issue in the case, and it certainly did not constitute competent evidence of the defendant's possession of whisky as charged therein. It could be no more logically said that this warrant was evidence that the defendant was guilty of·possessing liquor, than that the present indictment could be said to be evidence that he kept and maintained a disorderly house." It follows therefore that the indictment charging the defendant with stealing other cattle, standing alone, is no more evidence that he stole those cattle than the present indictment is that the defendant stole the cattle involved in this trial. The error in allowing the introduction of the indictment in evidence, no conviction having been had thereon, was prejudicial to the defendant and demands the grant of a new trial.

■ Ground 2 of the amended motion for a new trial complains that the court failed to charge the jury, either literally or in substance, that if the defendant sold the cattle at the request of the prosecutor, as contended by the defendant, then the defendant would not be guilty. The court did, in his charge, state that this was the contention of the defendant, and that he claims innocence of the crime charged. He also charged the elements of the crime. No request was made for a more specific charge on this subject, and, in the absence of such request, the charge as a whole adequately covers the elements of the case. Ground 2 of the amended motion for a new trial is without merit.

■ The trial court erred in overruling the motion for a new trial for the reasons set out in the first division of this opinion.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*

MacIntyre, P. J., concurring specially. I concur in the result but I cannot concur in all that is said in division 1 of the opinion. I do not think that the rule with reference to the introduction of evidence of other criminal transactions necessarily applies alike to a witness and a defendant. While it is true that a witness may be impeached by showing a conviction for an act which constitutes a crime involving moral turpitude, you can not show such conviction by parol evidence. The indictment, with a verdict of guilty thereon must be introduced, and it would be error to allow in evidence an indictment upon which the defendant had been found not guilty. However, relative to the defendant, it is stated in *Lee* v. *State*, 8 *Ga. App.* 413, 418 (69 S. E. 310), that you may, under the circumstances there stated, even though the defendant was acquitted of the act constituting the other crime, if relevant, show that the defendant committed such criminal act, but it would be error to allow in evidence the indictment for such other crime upon which the defendant had been acquitted as a proper method of proving it. Yet, if the act which constituted the crime was relevant to the issue then on trial, it could be shown by evidence aliunde the other indictment, not withstanding there was such an indictment upon which the defendant had been acquitted. In the instant case, I think it was error to allow the introduction of the indictment with the verdict of not guilty thereon over proper objection.