## 34075. HALL v. THE STATE.

CARLISLE, J. 1. "Where evidence is admissible to show motive and to connect the accused with the crime charged, the mere fact that it may tend incidentally to put the character of the accused in issue would not render it inadmissible. *Wilson* v. *State,* 150 *Ga.* 285 (2) (103 S. E. 682); *Cooper* v. *State,* 182 *Ga.* 42, 51 (184 S. E. 716, 104 A. L. R. 1309); *Williams* v. *State,* 152 *Ga.* 498 (110 S. E. 286); *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016); *Hill* v. *State,* 148 *Ga.* 521 (97 S. E. 442). But it is error to allow, over objection of the defendant, prejudicial and irrelevant matter to go before the jury in a trial which tends to place his character and conduct before the jury, where the nature of the case does not involve such character, and the same does not render necessary and proper the investigation thereof. Code, § 38-202; *Fitzgerald* v. *State,* 184 *Ga.* 19 (190 S. E. 602); *Moose* v. *State,* 145 *Ga.* 361 (89 S. E. 335)." *Anderson* v. *State,* 206 *Ga.* 527 (57 S. E. 2d, 563).

2. Where, upon the trial of one charged with the larceny of a certain described mule, a member of the Georgia Bureau of Investigation, as a witness for the State, testified on cross-examination, in explanation of his reason for going to the home of the accused in Jaspar, Florida, to look for the mule believed to have been stolen, "This man Hall [the accused] was caught with some other mules," and this same witness, on direct examination, in response to a question concerning the arrest of the accused, testified, "I did not arrest Mr. Hall [the accused] later; he was already in jail in Ocilla, Georgia; I went to Ocilla and talked to Mr. Hall in jail"—such testimony, over timely objection, was, under the principles of law stated in division 1 of this opinion, inadmissible as being irrelevant, prejudicial, and tending to place the accused's character and conduct before the jury, where the nature of the case did not involve such character and did not render necessary and proper the investigation thereof.

3. Where, in such a case as is indicated in division 2, it was not shown that the defendant had been convicted of the larceny of other mules, but only that he "had been caught with other mules," inferring that he had been caught with other mules which had been stolen, and it was not shown under what circumstances he was present in the jail in Ocilla, and the trial court neither instructed the jury to disregard the testimony that he "had been caught with other mules," and was already in jail when arrested in connection with the present case, and the trial court in no way restricted the jury's use of the testimony to limited purposes, the errors indicated above and assigned in special grounds 4, 5, and 6 of the motion for a new trial are such as to require the grant of a new trial. See *Waters* v. *State,* 82 *Ga. App.* 608 (61 S. E. 2d, 794); *Lee* v. *State,* 8 *Ga. App.* 413 (2) (69 S. E. 310); *Chambers* v. *State,* 76 *Ga. App.* 269, 270 (45 S. E. 2d, 724).

4. Though the trial judge failed to specifically define simple larceny in his charge, which is always the better practice, the accused was not harmed by his failure to do so, as the judge read the indictment to the jury and instructed them that, in order to find the defendant guilty, it was necessary to find that the crime charged was committed in the manner alleged in the indictment, which charged that the

defendant took and carried away the described mule with intent to steal the same. Special ground 7 is without merit.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED JULY 3, 1952.

*Herbert W. Wilson, Leon A. Wilson II,* for plaintiff in error. *J. R. Walker, Solicitor-General, Kopp & Peavy,* contra.