## 35499. THOMAS *v.* STATE OF GEORGIA.

NICHOLS, J. 1. In a disbarment proceeding, which necessarily involves the honesty, probity, and good moral character of the accused, he may present evidence of his good character, not to justify or excuse an offense with which he is charged, but to support his denial of the charge and in mitigation of the gravity and consequences of the offense. Lenihan *v.* Commonwealth, 165 Ky. 93, 105 (176 S. W. 948, L. R. A. 1917B, 1132); 5 Am. Jur. 438, § 294. See generally, as to the right to submit character evidence in cases involving the character of the defendant, Code § 38-202; *McNab* v. *Lockhart*, 18 *Ga.* 495 (11); *German American Mutual Life Assn.* v. *Farley*, 102 *Ga.* 720, 744 (29 S. E. 615); *Mays* v. *Mays*, 153 *Ga.* 835 (113 S. E. 154); *Wimberly* v. *Toney*, 175 *Ga.* 416, 423 (165 S. E. 257); *Caldwell* v. *Caldwell*, 59 *Ga. App.* 637 (1) (1 S. E. 2d 764).

2. In the present case—where disbarment proceedings were brought against the defendant attorney, charging that, while acting as the administrator of a named estate, he "committed acts of deceit and wilful misconduct which render him unfit to enjoy the privileges of attorney at law," for that he did, while acting as such administrator, "fraudulently and wilfully convert to his own use" a named sum of money which had come

into his hands as administrator, and where he admitted on the trial employing funds of the estate for his own personal use, but denied that he used the money with an intention of defrauding the estate, and stated that he did not defraud anyone, but believed that, because of fees and money due him, he was solvent and at all times intended to make a full and fair accounting, and it was shown that he had made a final accounting with the court of ordinary as to the estate and had received letters of dismission—the trial court erred in refusing to allow a number of witnesses to testify to his good character, including the period in which he is alleged to have misused the funds of the estate.

(a) *Wood* v. *State,* 45 *Ga. App.* 783 (1) (165 S. E. 908), is not contrary to what is here ruled, it being there held only that mere good conduct and reformation, subsequent to the alleged misconduct of an attorney, would constitute no defense to the original misconduct.

3. The prosecution having elicited from a representative of the defendant's bondsman, while on the stand, testimony that a security deed executed by the defendant, subsequently to the alleged misuse of funds by the defendant, in consideration of the bondsman paying to the estate certain money for him, had been foreclosed, and that a subsequent written agreement between the same parties was entered into, permitting the defendant to redeem the property by making stipulated payments, the trial court erred in refusing to admit in evidence the written contract as evidencing the subsequent agreement. *C. & S. Bank of Thomaston* v. *Barron,* 181 *Ga.* 351 (2) (181 S. E. 859); *Ga. Savings Bank &c. Co.* v. *Marshall,* 207 *Ga.* 314 (1) (61 S. E. 2d 469).

4. Inasmuch as the case is being reversed for the reasons above stated, it is unnecessary to pass upon the grounds of the motion for new trial complaining of the direction of a verdict against the defendant, and refusing to direct a verdict in his favor.

*Judgment reversed. Quillian, J., concurs. Felton, C. J., concurs specially.*

DECIDED APRIL 6, 1955.

*Wm. G. McRae, Bruce B. Edwards,* for plaintiff in error.

*Paul Webb, Solicitor-General,* contra.

FELTON, C. J., concurring specially. I concur in the rulings by the majority and in the judgment. I wish to expand on the reasons for my concurrence. The solicitor-general chose the ground on which he seeks the disbarment, and he must prevail if at all upon that ground. The ground is the appropriation of estate funds with the intent to defraud. Since the case is based on the one ground, whether the attorney should be disbarred on another ground of less moment is not before us. The ground here does not involve a crime. Code § 26-2805. It was therefore incumbent upon the solicitor-general to prove actual fraudulent intent since, as no crime is alleged, there is no presumption of

806

fraudulent intent from the proof of unauthorized appropriation of another's property, as in such cases as *Mangham* v. *State*, 11 *Ga. App.* 427 (1) (75 S. E. 512) and *Denmark* v. *State*, 44 *Ga. App.* 157, 164 (161 S. E. 286). I call attention to this especially because of the ruling on character evidence. In this case it is admissible because actual fraudulent intent must be proved. In such cases as those above cited, character evidence would not be admissible simply to refute fraudulent intent if there was no dispute about the act of unauthorized appropriation. In other words, character evidence cannot defeat a conclusive legal presumption.