36591. THOMAS *v.* STATE OF GEORGIA.

Decided May 14, 1957.

*Wilbur B. Nall, J. E. Watts, W. George Thomas,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene L. Tiller,* contra.

QUILLIAN, J. ■ Ground 1 of the amended motion for new trial complains that the presiding judge refused the timely written request of the defendant to charge the jury: "Gentlemen, I charge you that Mr. Thomas is not charged with committing a crime, he is charged with deceit and wilful misconduct in converting funds that came into his hands as administrator of the estate of Lewis Edgar Austin.

"I charge you, gentlemen, that the burden of proof is upon the State to prove these allegations by a preponderance of the testimony, I further charge you that the State must prove actual fraudulent intent, as there is no presumption of fraudulent intent from the proof of unauthorized appropriation of another's property." The requested instructions were in the language of Chief Judge Felton's special concurrence in *Thomas* v. *State of Georgia,* 91 *Ga. App.* 804 (87 S. E. 2d 239) and embodied a legal charge pertinent to the issues of the case. This is apparent when it is reflected that the principal issue in the case was whether the defendant fraudulently converted the funds of an estate he represented as administrator to his own use.

The plaintiff does not insist that the requested charge did not contain a sound legal statement of the law or that it was not adjusted to the issues of the case. He insists that there was no error in refusing the request because the judge did instruct the jury substantially as requested. The court's charge was: "Gentlemen, I charge you that if you determine from the evidence and under the rules which the court gives you in charge that the defendant, W. George Thomas, appropriated to his own use funds of the estate of Lewis Edgar Austin, deceased, with the intent to

defraud, then the fact that the defendant, W. George Thomas, subsequently restored such funds to the estate and received letters dismissory from the court of ordinary would not excuse him.

"I charge you that in this case the burden of proof is upon the solicitor-general to prove by a preponderance of the evidence, under the rules that I have given you in charge, actual fraudulent intent upon the part of the defendant."

The charge given did not inform the jury that no presumption of fraudulent intent arises from the unauthorized appropriation of the funds of another, nor was it as aptly adjusted to the issues of the case as the requested charge. In *Rowe* v. *Cole*, 176 *Ga.* 592, 598 (168 S. E. 882) in an opinion written by the learned and lamented Chief Justice Russell, the Supreme Court held: "The questions which would be answered by the requested instructions were involved in the case, and presented substantial issues. Where instructions are requested which are peculiarly applicable to the evidence and issues in the case, to refuse such instructions is reversible error. As said by Chief Justice Bleckley in *Thompson* v. *Thompson*, 77 *Ga.* 692, 698 (3 S. E. 261): 'Now, law is not only to be submitted to the jury, but it is to be applied by them; and where its application is materially aided by a specific request, there seems as much reason to give that request as to give the principle; and looking to the evidence in this case, we have no doubt that the request was a proper one. It was bringing the general principle down to this specific instance; and the jury would have been helped materially by having the very words of this request delivered to them as a part of the charge of the court.' The headnote on this point was: 'Where several distinct matters involving diligence are presented to the jury, while it is proper to charge a general principle applicable to them all, yet if a specific charge, which is legal, apt, and precisely adjusted to one of them, be requested, it is proper to give the latter also, if it would materially aid the jury in applying the general principle to this one of the several matters for their consideration.' To the same effect see *Metropolitan Street Railroad Co.* v. *Johnson*, 90 *Ga.* 500 (5) (16 S. E. 49); *Snowden* v. *Waterman*, 105 *Ga.* 384 (5) (31 S. E. 110); *Roberts* v. *State*, 114 *Ga.* 450 (40 S. E. 297)."

We think the court erred in refusing the defendant's request to charge.

■ Ground 2 of the amended motion for new trial alleges that the trial judge erred in refusing a request to charge presented by the defendant at the proper time and correct in form. The requested charge read: "Gentlemen, I charge you that in this case there is evidence that the defendant received a discharge as administrator of the estate of Lewis Edgar Austin.

"I further charge you that the court of ordinary in administration of estates intestate and testate, is a court of general jurisdiction, and unless negatived by the record, every necessary jurisdictional fact is presumed in favor of the validity of its judgment."

Again the instructions that the judge was asked to give in charge to the jury contained a sound principle of law applicable to the material issues of the case. *Hall* v. *Ewing*, 149 *Ga.* 693 (101 S. E. 807).

The plaintiff insists that the charge was not legally correct because the defendant's discharge as administrator was not "unimpeachable evidence" of the defendant's innocence of fraudulently converting the funds of his trust to his own use. The requested charge contained no statement that the discharge was conclusive or unrebuttable proof of any fact, but simply related that the defendant had obtained a discharge as administrator, and the pronouncement that in the absence of evidence to the contrary every jurisdictional fact was presumed in favor of the validity of the judgment. A charge to the jury may assume the truth of an undisputed fact, as in this case upon the truth of the defendant having obtained a discharge as administrator. *Western Union Telegraph Co.* v. *Harris*, 6 *Ga. App.* 260 (64 S. E. 1123). It was error to refuse to charge the jury as requested.

■ Ground 3 avers that the trial judge refused a pertinent, timely written request to charge the jury as follows: "I charge you, gentlemen, the words 'acted fraudulently and corruptly' mean more than mere illegal conduct, they mean moral turpitude and intentional wrong doing, wilful and corrupt dealing, a purpose to impose on his cestui que trust, and to benefit himself."

The request to charge was in the language of *Worsham* v. *Murchison*, 66 *Ga.* 715, 719 and was legal and appropriate. The court charged the jury generally as to fraudulent conversion, but did not define the meaning of the terms referred to in the request.

The requested charge concerned the vital issues, the crux of the case. Several instances are cited by the plaintiff in which words commonly employed by laymen needed no definition to be clearly understood. The definition that the defendant asked be given in charge to the jury was essential to the jury's clear understanding of the issues they were to determine.

The plaintiff cites several cases in which it is held that words so simple as to be self-explanatory and generally understood by those unlearned in the law need not be defined by the judge in his charge to the jury (*Kelly* v. *State*, 63 *Ga. App.* 231, 239, 10 S. E. 2d 417; *Floyd* v. *State*, 58 *Ga. App.* 867, 200 S. E. 207), and that it is more productive of confusion than clarity to undertake to define plain words and phrases. The cases that we have referred to dealt with the refusal to define certain simple words.

The definitions requested were words employed in the common vernacular of laymen—familiar household terms that any person of common sense understands as well as the wisest and most scholarly jurist. The words and phrases the courts were requested to define were "reasonable doubt" and "accident." Indeed in the case of *Battle* v. *State*, 103 *Ga.* 53 (29 S. E. 491) it is said that no words are simpler than the words "reasonable doubt." Authority that better supports the plaintiff's contention is the case of *Barco* v. *Taylor*, 5 *Ga. App.* 372, 377 (63 S. E. 224): "In so far as the court's omission to define the meaning of the words 'fraud' and 'fraudulent statement' is concerned, it may be that in some other portion of the charge these words were defined. We cannot say that they were not, because it was not asked that the charge be sent up, and it is not before us. In the present case, however, even if these words were not defined, we think that their meaning is so obvious that the jury were not left in doubt."

The words "fraud" and "fraudulent statement" are of somewhat similar import to the phrase "acted fraudulently and corruptly." In the *Barco* case, supra, there was no request to charge.

Code § 81-1101 provides, "In the trial of causes in any of the courts of this State, either party or his counsel may make a written request to the court to charge the jury, at any time before the jury retires to consider of their verdict, and without submitting the same to the counsel of the opposite party. Requests

in writing to charge the jury may be made in any case, and at any time before the charge is begun." And if as in the *Barco* case, supra, there had been a request that the court instruct the jury as to the meaning of the words "fraud" and "fraudulent" in language particularly applicable to the facts of the case, this court would probably have held that the request should have been granted. The term "acted fraudulently and corruptly" is not a simple one, the legal meaning of which is ordinarily understood by laymen.

■ Ground 4 complains of another refusal to charge. The requested instructions were timely and contained a correct pronouncement of the law, but were not pertinent to the issues that were for the jury's consideration. It is true that the trial court erroneously permitted the issue as to whether the defendant defrauded the bonding company to be heard and considered by the jury. If that issue had been proper for the jury the charge requested would have been appropriate. But one error does not ordinarily neutralize another, and because the issue referred to was submitted to the jury did not authorize a charge concerning it even when requested by the party against whom the original error was committed.

■ Ground 5 points to instructions contained in the judge's charge as erroneous. The charge was confused and probably subject to the criticism that it was, while of course not so intended by the good trial judge, argumentative. But since the case is reversed on other grounds it is not necessary to decide whether it was so erroneous or hurtful to the defendant as to require a new trial.

■ Ground 6 presents the contention that in a fair and complete legal charge instructions as to another pertinent principle were not included. The ground is without merit.

■ Ground 7 complains of a charge which is slightly repetitious but which as a whole is not objectionable for any reason assigned.

Several grounds of the motion for new trial except to the admission of certain irrelevant evidence over the defendant's timely objection. This evidence had no logical connection with the issues of the case, but concerned the defendant's conduct, in dealing with the bonding company subsequent to the time when he was

alleged to have appropriated the funds of the estate he represented as administrator. The evidence did not show that in dealing with the bonding company the defendant had been guilty of similar conduct to that which he was charged with in administering the estate, but all that it tended to show was that the defendant failed to pay an obligation he owed the company.

Under the provisions of Code § 38-202 the evidence was inadmissible and should have been excluded. *Fitzgerald* v. *State*, 184 *Ga.* 19 (190 S. E. 602) ; *Anderson* v. *State*, 206 *Ga.* 527 (1) (57 S. E. 2d 563) ; *Hall* v. *State*, 86 *Ga. App.* 448 (71 S. E. 2d 668). A new trial will not be granted because of the admission of irrelevant evidence unless the prejudicial character of the evidence is made to appear by the allegations of the motion for new trial. *Fountain* v. *State*, 23 *Ga. App.* 113 (4) (98 S. E. 178) ; *Tooke* v. *State*, 25 *Ga. App.* 248 (102 S. E. 905) ; *Central of Ga. Ry. Co.* v. *Barnett*, 35 *Ga. App.* 528 (8) (134 S. E. 126) ; *Benson* v. *Henning*, 50 *Ga. App.* 492 (3) (178 S. E. 406).

In *Wilson* v. *State*, 9 *Ga. App.* 274 (3) (70 S. E. 1128), it is said: "Testimony totally irrelevant or immaterial, but which is calculated to arouse prejudice or passion against the accused, should not be admitted in evidence." The evidence was irrelevant and should not have been admitted. It was testimony concerning matters wholly disassociated with the issues of the case and illustrative of no contention of the parties. It was clearly admitted in contravention of Code § 38-201: "The evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded."

■ Ground 8 is rather clumsily phrased and fails to raise the point it was evidently intended to present. We interpret it to mean that the charge of which complaint is made expressed the opinion that the judgment of the ordinary discharging the defendant was not of probative value. The charge while erroneous for the reason that it did in effect exclude the judgment from the jury's consideration, was not subject to the precise criticism made of it.

It is not necessary to decide whether the exception taken to the charge was tantamount to that intended since the case is reversed for other reasons.

■ Ground 9 complains of the admission of the checks given by the bonding company in payment of certain heirs of the estate. These checks were relevant and admissible.

■ Ground 10 asserts that correspondence between the bonding company and a lawyer representing heirs of the estate the defendant represented, namely a letter written by the attorney in which he made demand of the insurance company that there be a settlement with the heirs, was erroneously admitted. The letter was hearsay evidence and should have been excluded. The admission of hearsay evidence is frequently, if not usually, harmless but where as in this case it tended to prejudice the jury it was prejudicial. *Riggins* v. *State,* 67 *Ga. App.* 309, 310 (3) (20 S. E. 2d 95); *Smith* v. *Johnson,* 13 *Ga. App.* 837 (3) (80 S. E. 2d 1051); *Commercial Credit Co.* v. *Britt,* 53 *Ga. App.* 430 (5, 6) (186 S. E. 449).

■ Ground 11 complains that the defendant was not permitted to give testimony explaining the delay in concluding the administration of the estate. The evidence should have been admitted, but since the plaintiff offered evidence of substantially the same matter which was admitted, there was no hurtful error in the ruling.

■ Ground 12 is upon the ground that the defendant's testimonial conclusion that he had committed no fraud was excluded. The ruling was correct.

■ Ground 13 shows no error. The question there presented was whether a witness would be required to answer a hypothetical question which he, the witness, contends did not present a factual situation consistent with evidence submitted upon the trial. A witness cannot ordinarily refuse to answer a question propounded to him simply because it is inadmissible, that is, a question that does not involve any right of personal immunity that the witness can claim under Code §§ 38-1711 and 38-1102.

■ Ground 14 assigns as error the admission of testimony given by one Wachter, an employee of the bonding company, that the company's purpose in entering into a contract with the defendant to reconvey certain property to him upon the payment of a sum of money was to affect its right of indemnity against him. The contract was plain in its terms and no part ambiguous.

The law is also plain: a witness may testify as to his own in-

tent or purpose (*Nichols* v. *Ward*, 27 *Ga. App.* 501 (2), 108 S. E. 832) ; *Alexander* v. *State*, 118 *Ga.* 26 (4), 44 S. E. 851) ; but not that of another (*Carey* v. *Moore*, 119 *Ga.* 92 (1), 45 S. E. 998) ; nor can he state the purpose of an unambiguous contract which clearly reveals its purpose. *Willingham* v. *Sterling Cycle Works*, 113 *Ga.* 953 (1) (39 S. E. 314) ; *Harris & Mitchell* v. *Amoskeag Lumber Co.*, 97 *Ga.* 465, 469 (25 S. E. 519). The objection to the testimony should have been sustained.

■ Ground 15 complains that testimony of the witness, Wachter, as to matters incident only to transactions had between the defendant and the bonding company months subsequent to the time that he appropriated the funds of the bonding company was inadmissible. The exception to the trial court's ruling in admitting this evidence was well taken; the evidence was erroneously admitted.

■ Ground 16 assigns as error the admission of a witness that the equity in certain realty conveyed by the defendant to the bonding company was not anything like the amount of the bonding company's loss in paying the heirs of the estate amounts due the estate by the defendant. The objection was that the testimony was a conclusion of the witness. The witness gave no data upon which he based the opinion he expressed, nor did he testify that he was familiar with the market value of the property. The admission of evidence would have been error, had the objection urged by the defendant been complete. *Eagle & Phoenix Mfg. Co.* v. *Browne*, 58 *Ga.* 240, 246; *Reidsville & Southeastern R. Co.* v. *Baxter*, 13 *Ga. App.* 357 (7) (79 S. E. 187). It failed to point out wherein the opinion expressed by the witness was a conclusion, or that the foundation for his conclusion as to the value of the property had not been properly laid. Hence, the objection was incomplete and ineffective. *Townsend* v. *Hames*, 40 *Ga. App.* 834 (2) (151 S. E. 665).

■ Since the case is reversed for reasons stated in disposing of the special grounds of the motion for new trial, and the evidence upon another trial of the case may be materially different from that adduced upon the trial we now review, it is not necessary to pass upon the general grounds of the motion.

*Judgment reversed. Nichols, J., concurs. Felton, C. J., concurs specially.*