## 62469. BAKER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted in three counts for the offenses of armed robbery, rape and aggravated sodomy. As to Counts 1 and 2 he was sentenced to serve life terms and 20 years as to Count 3 to follow the sentences in Counts 1 and 2. This last sentence was probated following the service of the sentence in Counts 1 and 2. Defendant's motion for new trial was filed, heard and denied.

Defendant appeals. *Held:*

1. The state's evidence disclosed that the female victim and her roommate (male) were attacked in the evening hours in their apartment and robbed at gunpoint by two male assailants. The crimes of rape and aggravated sodomy were performed upon the female victim. The crimes were immediately reported, the police were called and the descriptions of the perpetrators were made to police by the victims at their first opportunity to make a report. The state argues that this information was clearly admissible, that the testimony of a police officer as to the descriptions of the perpetrators was admissible as res gestae based upon the circumstances, citing *Bunn v. State,* 144 Ga. App. 879, 880 (2) (243 SE2d 105); *Jackson v. State,* 225 Ga. 39 (5), 46 (165 SE2d 711); *Estes v. State,* 232 Ga. 703, 710 (5) (208 SE2d 806); *Overton v. State,* 230 Ga. 830, 836-837 (5) (199 SE2d 205); *Lynch v. State,* 234 Ga. 446, 449 (216 SE2d 307); *Tucker v. State,* 243 Ga. 683, 684 (3) (256 SE2d 365). See also *Wallace v. State,* 151 Ga. App. 171 (259 SE2d 172). But, in all events, the testimony of the officer was with reference to the legal investigation as to the information given to him by the victims who also testified and same was authorized as original evidence under Code § 38-302 "to explain conduct and ascertain motives." *Coleman v. State,* 127 Ga. 282 (1) (56 SE 417); *Daniel v. State,* 66 Ga. App. 59 (17 SE2d 91); *Brandt v. State,* 71 Ga. App. 221, 222 (8) (30 SE2d 652); *Jacobs v. State,* 71 Ga. App. 808 (2) (32 SE2d 403); *Burrell v. State,* 140 Ga. App. 900, 902 (3) (232 SE2d 172); *Wilson v. State,* 246 Ga. 62, 67 (2) (268 SE2d 895). There is no merit in the complaint that the officer's testimony was hearsay.

2. After the report of these crimes the defendant and another were spotted by another officer in a shopping center who followed them in a police car after they left in an automobile, turning on a blue light and a siren. The automobile pulled into a driveway, the defendant threw a bundle out the window, and the automobile then proceeded further down the street and stopped. The bundle was recovered and found to contain two pistols. This officer identified the defendant as the man he saw toss the bundle out of the automobile window. One of the victims had replied to questions with reference to one of the handguns or weapons found in the bundle that it looked similar or "looks like" the handgun by answering, "Yes." The witness also gave his reasons for identifying the weapon.

Objection was made to the officer's testimony with reference to the arrest of the assailants that the testimony was irrelevant and immaterial in that it had no connection to the events occurring at the time of the alleged crimes. This testimony was allowed over objection and at the completion of the officer's testimony a motion for mistrial was made based upon its irrelevancy, immateriality, and putting the

defendant's character in issue with reference to another crime, the same being detrimental and prejudicial requiring the grant of the motion. The trial court overruled the motion since no crime had occurred, only suspicious circumstances in throwing a weapon out of the automobile. The testimony was authorized for identification purposes, the same being circumstantial evidence corroborating the identity of the perpetrator by the victim and was therefore relevant. See *Bunge v. State,* 149 Ga. App. 712, 716 (4) (256 SE2d 23); *Curtis v. State,* 102 Ga. App. 790, 795 (118 SE2d 264). The testimony that a gun is similar to that used by a robber is sufficient for its admission. See Code § 38-102; *Kates v. State,* 152 Ga. App. 29, 30 (2) (262 SE2d 221); *McCranie v. State,* 151 Ga. App. 871, 874 (3) (261 SE2d 779); *Sell v. State,* 156 Ga. App. 333, 336 (6) (274 SE2d 723); *Rutledge v. State,* 152 Ga. App. 755, 759 (4) (264 SE2d 244). The trial court did not err in disallowing the motion for mistrial and allowing the testimony in evidence for relevant evidence is not objectionable just because it may incidentally put the defendant's character in issue. See *Bowles v. State,* 155 Ga. App. 753 (272 SE2d 595).

3. Defendant next contends that the trial court erred in allowing the testimony of an officer witness testifying as an expert as to a statement one of the perpetrators allegedly made at the time of the alleged crime that they had just broken out of jail and "killing people don't bother us," based upon its alleged irrelevancy, immateriality and prejudicial nature. The defense first contends this evidence was inadmissible as expressing an opinion of an ultimate fact to be decided by the jury. However, as expressed in *Smith v. State,* 247 Ga. 612, 615 (277 SE2d 678), the recent trend in the majority of states has been that "an expert may state his opinion upon an ultimate fact, provided that all other requirements for admission of expert opinion are met." See also *King v. Browning,* 246 Ga. 46, 47 (1) (268 SE2d 653); *Stewart v. State,* 246 Ga. 70, 75 (4a) (268 SE2d 906). Compare *Jones v. State,* 232 Ga. 762, 764-766 (2) (208 SE2d 850). The objection here was merely that the testimony was irrelevant, immaterial and submitted in evidence as another attempt at prejudicing the jury. The testimony was made by the witness as an expert based upon his 13 years of experience that suspects would make assertions to victims during the course of a crime regarding their prior criminal behavior that they had been in jail before and that they had killed other people or had done other things. Accordingly, such testimony would be admissible under *Smith v. State,* 247 Ga. 612, 615-619, supra. See also Code § 38-1710; *Martin v. State,* 151 Ga. App. 9, 12-13 (5) (258 SE2d 711). An expert witness may also give his opinion based on his own observations and experience. We find no merit in this complaint. However, we do not believe that an officer testifying as an expert has

a broad discretion to give his opinion and experience with reference to various other crimes such as making undercover drug buys, resulting rip-offs which might occur, or to give specific occasions with reference to such rip-offs in which a suspect contended he was with the Dixie Mafia, had wasted a police officer and escaped from prison and therefore would have the officers making the drug purchase either killed or kill them himself and that upon further investigation this alleged seller of drugs had never even been arrested for a traffic ticket. This experienced officer then testified that in robbery cases the general idea is for perpetrators to frighten and intimidate the victims, advising them that it doesn't make any difference if they kill, as they have killed before, indicating they have nothing to lose. At the end of this testimony counsel for defendant moved for a mistrial based upon the speech made by the witness, whether in response to the question or simply to talk about people saying when they would kill a police officer, the same having no relevancy whatsoever and had so prejudiced the jury that it could not return a verdict free of prejudice. The motion was denied. However, the court instructed and cautioned the jury, "that the past testimony of this police officer in regard to his experiences on prior occasions with prior subjects or persons under investigation has been permitted and is permitted only for the purpose of explaining his opinion and the basis for his opinion as to why someone that is accused of a crime may or may not make certain statements to a victim," but as trier of fact, the jury "must determine whether or not the statement made by the perpetrators of the crime, whether the statements were true or not true, or whether or not they were made for some other motivation." The court also instructed the jury that it should confine such testimony of other matters solely to the matter of opinion of the police officer and that the jury is not bound by it, that is, the jury may accept it in whole or in part or may reject it in whole or in part as it may be of assistance to the jury or it may not. While this witness had departed far afield in basing his expert opinion on specific instances of drug buys which we do not believe would be relevant to this case; nevertheless with the explanation by the trial court to the jury with reference to the witness' opinion testimony we find no harmful error. Compare *Anderson v. State,* 206 Ga. 527 (57 SE2d 563), *Hall v. State,* 86 Ga. App. 448 (71 SE2d 668).

4. During the examination of the defendant as a witness in his own behalf he testified extensively about some shoes and the weapon which was allegedly thrown from an automobile when he was riding with another. On cross-examination he testified with reference to the occasion when a brown bag or brown case, not a bundle, was thrown from the car when the driver handed the "little small brown case" to

him and instructed him to throw it out, a police officer telling him later that there were two guns in the package. He also testified that the driver was number 5 in the line-up and that he was number 2, and that he never told anyone that he had robbed and raped someone or some people. In rebuttal, the state produced a witness who was in custody (now serving a sentence for theft by taking and robbery by intimidation) and who also was in the above line-up. This witness testified that the defendant told him during the line-up that he had committed some robberies around Atlanta and also "[s]exual assaults, and those such things." He also testified the defendant told him about the police chasing him and that he threw some guns out of a window. No objection whatsoever was made to his testimony at that point in time. Objection is now made that the trial court erred in permitting the witness to respond to questions propounded by the district attorney concerning other criminal offenses that the defendant allegedly committed other than the offenses for which he was on trial. Defense counsel contends that it placed the general character of the defendant in evidence with reference to his conduct and other transactions in violation of Code § 38-202. However, there was no objection to this witness' testimony thereby waiving any possible claim of error. *Gattlen v. State,* 134 Ga. App. 71 (213 SE2d 173). Moreover, this testimony was in rebuttal to testimony by the defendant in his behalf that he had never told anyone that he had robbed and raped some people and thrown guns out of a car window. This testimony was admissible to impeach the defendant's testimony in his own behalf. See *Johnson v. State,* 149 Ga. App. 775, 777 (3) (256 SE2d 51). As the testimony given was not objected to by the defense counsel and was authorized to impeach the defendant's testimony that he had never told anyone that he had robbed and raped "someone or some people" his reply to this question being, "No," we find no merit in this complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 9, 1982 —
REHEARING DENIED MARCH 17, 1982.

*Harris C. Bostic,* for appellant.
*Lewis R. Slaton, Jr., District Attorney, Joseph J. Drolet, Thomas W. Hayes, Margaret V. Lines, Assistant District Attorneys,* for appellee.