WOODRUFF *v.* THE M. G. McDONALD FURNITURE CO.

1. Where personal property was sold, the vendor reserving the title until it should be fully paid for, and the vendee, after paying a part only of the purchase money, abandoned the property, and the vendor retook possession, having authority so to do under the contract of sale, although upon an adjustment of the equities between these parties there might be a balance due from the vendor to the vendee, these equities cannot be adjusted, nor such balance ascertained and reached, by a garnishment returnable to a justice's court, sued out by a creditor of the vendee and served upon the vendor.

2. It would be the right of such creditor to redeem the property by paying the balance of the purchase money and then subjecting it as the property of his debtor; and in case this creditor and the vendor could not agree upon terms, or the latter refused to accept a tender of the proper amount still due him for the purchase money, the creditor might, upon equitable proceedings in a court having equity jurisdiction, obtain suitable relief, in which event the debtor himself should be a party to the case.

3. The court was right in sustaining the *certiorari*, but should also have rendered a final judgment in favor of the plaintiff in *certiorari;* and direction is given accordingly.

April 8, 1895.  By two Justices.  Brought forward from the last term.

*Certiorari.* Before Judge HENRY. Floyd superior Court. March term, 1894.

ALEXANDER & HILLYER, for plaintiff.
GEORGE A. H. HARRIS, for defendant.

SIMMONS, Chief Justice.

The McDonald Furniture Company sold to McMillan certain household furniture, reserving title until payment of the purchase money, which was to be paid in monthly instalments. The contract provided that in case McMillan should fail to pay any of the instalments when due, the furniture company should have the right to take possession of the goods. McMillan paid several instalments, and then absconded, leaving the goods in a house unprotected. The furniture company took possession of the goods and moved them to its place of business. After McMillan absconded, Woodruff sued out an attachment in a magistrate's court, and caused summons of garnishment to be served upon the furniture company. The furniture company answered that at the time of service it owed the defendant nothing, and that it had not since become indebted to him. The plaintiff in attachment traversed the answer, and alleged that after deducting from the value of the property taken back the amount paid thereon by McMillan, and other credits, including a reasonable compensation for the use of the property, there was a balance of $110 in the hands of the garnishee belonging to the defendant. On the trial of the case before a jury in the justice's court, there was a verdict for the plaintiff in attachment against the garnishee for $50. The case was carried by *certiorari* to the superior court, and a new trial was awarded; to which Woodruff excepted.

1–2. Although upon an adjustment of the equities between McMillan and the furniture company there might be a balance due McMillan, these equities could not be

adjusted, nor the balance ascertained and reached, by a garnishment returnable to a justice's court. In the contract of sale, as we have seen, title was reserved in the vendor, and this contract was properly executed and recorded. The property, therefore, was not subject to levy and sale at the instance of creditors of the vendee. Still, if the vendee had an interest in the property it ought to be subject to his debts; and the question then arises, what remedy ought the creditor to have pursued? We think the proper course for the creditor would have been to offer to redeem the property. If it was worth more than the debtor still owed upon it, the creditor could offer to pay the balance due; and if this tender was accepted by the vendor, the creditor after paying the balance due could have the property levied on and sold as the debtor's property. If the vendor refused to accept the tender or if he and the creditor could not agree upon the amount due, then in our opinion the creditor would have a right to commence equitable proceedings in a court having jurisdiction in equity, against the vendor and the vendee, and thus obtain suitable relief. This could not be done in a justice's court, because that court has no equity jurisdiction; but a court of equity could adjust the equities of the parties, and a verdict and decree therein could be so molded as to do exact justice to all. This was the mode of procedure which this court held to be proper, in the case of *Swift* v. *Lucas,* 92 *Ga.* 796. While that case deals with realty, the same principle is applicable to a case of this kind. Substantially the same rule has been adopted by the legislature in the recent act on this subject (Acts 1894, p. 100), and made applicable to personalty as well as realty.

3. It follows from what we have said, that the court was right in sustaining the *certiorari.* Instead of awarding a new trial, however, it should have rendered final

judgment in favor of the plaintiff in *certiorari*, and direction is given accordingly.

*Judgment affirmed, with direction.*