### WILLINGHAM v. STERLING CYCLE WORKS.

1. Points decided by the Supreme Court in a given case must, upon another hearing thereof, be treated as settled.
2. Assignments of error in admitting testimony must disclose with reasonable certainty what the alleged objectionable testimony was.
3. Proof of the secret intention or purpose of the writer of a document as to what he " meant " to express thereby is not admissible to bind another.
4. None of the grounds of the motion for a new trial filed in the present case disclose the commission of material error in any of the rulings or charges complained of ; and the evidence warranted the verdict.

Argued May 30, —Decided July 20, 1901.

Complaint. Before Judge Reid. City court of Atlanta. November 3, 1900.

*Culberson & Willingham* and *Westmoreland Brothers,* for plaintiff in error. *Mayson & Hill,* contra.

LUMPKIN, P. J. This case was here at the October term, 1899, at which time it was held that the trial court erred in rejecting certain testimony and in granting a nonsuit. See 109 *Ga.* 559. Another trial was had in the city court, resulting in a verdict for the plaintiff, the Sterling Cycle Works; and the defendant, E. G. Willingham, is now here as plaintiff in error, excepting to a judgment overruling a motion for a new trial filed in his behalf. Some of the points made in this motion are fully covered by the rulings made when the case was first before this court. These were, in substance, (1) that evidence of the alleged parol promise of E. G.

Willingham to pay for all goods ordered by Willingham & Castle was admissible; (2) that the testimony offered on this point warranted a finding that such a promise was made after the execution of the written contract, and was supported by a valid consideration; and (3) that the evidence as a whole was sufficient to carry the case to the jury.

1. It would be useless and unprofitable to again enter upon a discussion of these matters. We will therefore pass, without further notice, such grounds of the motion for a new trial as relate thereto, and will deal specifically with those grounds only which present new questions of enough practical importance to merit attention. Before proceeding to do so, it is proper to state certain facts not distinctly made apparent in the headnotes and opinion heretofore filed, but in the light of which what was therein laid down should be understood and interpreted. The defendant's answer did not, either directly or indirectly, set up as a defense that the alleged promise of E. G. Willingham to pay for all goods ordered by the firm of Willingham & Castle, and which the plaintiff insisted was made after the execution of his written contract of guaranty, was within the operation of the statute of frauds. This statement will, we trust, suffice to explain what may heretofore have been regarded as an oversight on the part of this court in failing, in its previous dealing with this case, to give proper effect to the provisions of that statute. It is also pertinent to state that the defendant's original answer has never been, so far as relates to this matter, amended.

2. In some of the grounds of the motion for a new trial, complaint is made that the court erred in not ruling out the answers to certain interrogatories. The answers themselves are not set out in the motion, nor is the substance thereof stated with sufficient fullness to enable this court to pass upon their admissibility or materiality. The rule that grounds of a motion for a new trial assigning errors of this kind must disclose with reasonable certainty what the alleged objectionable evidence was, is settled so far as anything can be established by oft-repeated judicial utterances.

3. While on the stand testifying as a witness in his own behalf, E. G. Willingham was asked by his counsel what he "meant" by certain language appearing in one of his letters to the plaintiff. The answer was properly excluded. The secret intention of a party.

in employing given words in a written communication addressed to and acted on by another is not binding upon the latter.    See *Harris* v. *Lumber Co.*, 97 *Ga.* 465, 469, and authorities cited.

4. Several other grounds of the motion contain exceptions to the admission of testimony.    We are not prepared to say that all of the same was relevant, but none of it which was irrelevant was of sufficient materiality to have affected the result.    One ground complains of the refusal to give in charge to the jury a specific request, but does not disclose that this request was in writing.    Complaint is also made of certain charges.    It is enough to say that they were in substantial accord with the law as laid down by this court in this very case.    A careful examination of the brief of evidence discloses that the jury were warranted in finding that the plaintiff proved its case as laid.

*Judgment affirmed.    All the Justices concurring.*