137. TIFT & PEED *v.* MOULTRIE LUMBER COMPANY.

A claim based on a duly executed and recorded contract of sale reserving title in the claimant can not be defeated by a lien for necessary supplies furnished a sawmill, under the Civil Code, § 2809.

Claim, from city court of Albany—Judge Crosland. March 13, 1906.

Submitted February 25,—Decided April 20, 1907. Powell, J., being disqualified, Judge Hammond, of the Augusta circuit, was designated to preside in his stead.

*L. W. Nelson,* for plaintiffs.

*Walters & Walters, E. L. Bryan,* contra.

HAMMOND, J. The case was submitted for the determination of the judge of the city court of Albany, upon this agreed statement of facts: On July 20, 1904, the claimant sold a boiler, engine, and other property, amounting to $4,635, to the defendant under a conditional contract of sale, which was immediately executed and recorded. After the record of the conditional contract of sale, the plaintiffs advanced the defendant the supplies which are the subject-matter upon which their claim of lien is based. The supplies so furnished were used by the defendant in the operation of his sawmill. The plaintiffs had no actual notice of the contract of sale. The court found the property not subject to levy and sale, sustained the claim, and ordered the levy dismissed. The plaintiffs excepted, and contend that the claimant's claim is not superior to their lien for the supplies furnished the sawmill, because these supplies were necessary to carry on the mill; because the plaintiffs did not have actual notice of the conditional contract of sale; because the plaintiffs furnished the necessary supplies in good faith, and it was known, or could easily have been known by the claimant, who virtually acquiesced in the purchase

of the supplies and is therefore estopped from claiming the property adversely to the plaintiffs' lien; because the defendant paid $500 of the purchase-money, and plaintiffs' lien is good to that extent.

We can not yield our assent to any of these contentions. Section 2809 of Civil Code renders the plaintiffs' lien in this case superior to all liens not specifically excepted therein; but we do not think that the claimant here is asserting its right to the property under any lien at all, but under a duly recorded contract of sale wherein it is provided that the absolute title is to remain in the claimant until the full purchase-money is paid. We are unable to see how the situation is altered by the fact that the supplies were necessary to carry on the mill; that the plaintiffs did not have actual notice of the conditional contract of sale; that the necessary supplies were furnished in good faith with the knowledge of the claimant; nor that a part of the purchase-money had been paid by the defendant. The claimant's rights under its recorded contract of sale, retaining absolute title to the property, can not be disturbed by any of the above referred to considerations. These are all matters with which claimant had no legal concern. The claimant in this case did all it should have done to preserve its own rights and to put all others upon notice of their existence. By no act of the plaintiffs or defendant could these rights be lost to the claimant, nor is there any statute or rule of law by which it can be so deprived. In *Woodruff* v. *McDonald Furniture Co.*, 96 *Ga.* 86, a method is pointed out whereby the plaintiffs in the present case might set up a claim to the $500 paid by defendant as purchase-money for the machinery bought from claimant; but this is apart from the present case.

*Judgment affirmed.*