### 1554. WALL LUMBER CO. v. LOTT-LEWIS CO.

There was no error, under the particular circumstances of the case as they were admitted in open court to exist, in the refusal of the judge to allow the claimants to move to quash the plaintiff's fi. fa. or to dismiss the levy. It further appearing that the claimants were not entitled to any standing in court, the judge did not err in dismissing their claim.

Levy and claim, from city court of Nashville—Judge Peeples. October 24, 1908.

Submitted January 27,—Decided February 9, 1909.

*Smith & Foy, J. J. Murray, J. B. Murrow,* for plaintiff in error. *James H. Price, Hendricks & Christian,* contra.

POWELL, J. A lien in favor of Lott-Lewis Company, for supplies furnished to a sawmill, was levied on certain lumber. The property was brought to sale under what is commonly known as a "short order." The claimants, the Wall Lumber Company, were present at this sale and bought the lumber sold thereat. Neither at the time of the levy nor at the time of the sale did they have any lien upon the property, but, after the sale was made, they filed a claim to the proceeds. No counter-affidavit to the lien foreclosure was filed by the defendants or by any creditor. When the claim case was called for trial, the claimants moved to dismiss the levy and to quash the lien fi. fa., for several alleged defects appearing on the fi. fa. It has been repeatedly held that the claimant can not move to quash the fi. fa., though generally he can move to dismiss the levy for defects appearing on the fi. fa. In the present case, however, there was no levy to dismiss; it had already become functus by the sale. These claimants, having bid upon the property at the sale, were absolutely estopped from denying the validity of the sale. *Mock* v. *Stuckey,* 96 *Ga.* 187 (23 S. E. 307).

Money arising from a sale of property made under an execution is the property of the defendant, and is subject to distribution to persons holding liens against him, whether he owned the property which was brought to sale or not. The purchaser at the sale acquires just the title which the defendant had,—no more, no less,—and, under the doctrine of caveat emptor, must stand the loss if the defendant had no title. The money arising from the sale is treated as the defendant's. It being admitted that the claimants had no lien against the defendant or the property, the court properly dismissed their claim to the fund.     *Judgment affirmed.*