### 2165.    ALLEN *v.* LOTT-LEWIS COMPANY.

The judgment rendered was in accordance with the law and evidence. One who, without interposing any claim or otherwise objecting, stands by and sees his property sold as the property of another is estopped from thereafter asserting his right. Nor has he any property in the fund realized from such a sale which he can convey to a third person.

DECIDED SEPTEMBER 28, 1910.

Money rule; from city court of Tifton—Judge Eve. July 23, 1909.

*J. J. Murray, R. S. Foy,* for plaintiff in error.

*James H. Price, Fulwood & Murray,* contra.

RUSSELL, J. This was a contest for certain funds in the hands of the sheriff as the proceeds of a lot of lumber. Lott-Lewis Company brought a rule against the sheriff to require him to pay the money over to them on their sawmill-supply man's lien for supplies furnished one Brady, the proprietor of the sawmill which manufactured the lumber; and Allen, the plaintiff in error, intervened, setting up a claim to the fund. In brief, Allen's intervention sets up that the lumber which was sold under Lott-Lewis Company's lien as the property of the sawmill man, Brady, did not belong to Brady at all, but was, at the time of the sale, the property of the

W. M. Wall Lumber Company, all of whose rights were thereafter purchased by Allen. It appears to be agreed that Allen stands in the shoes of the W. M. Wall Lumber Company. He has, then, the same right to the fund in the hands of the sheriff that Wall would have, but he certainly can not have a better right than Wall would have had if he had not put Allen in his place. For this reason we think the decision of the court below was properly controlled by the ruling in *Wall Lumber Co.* v. *Lott-Lewis Co., 5 Ga. App.* 604 (63 S. E. 637), and that the fund was properly applied to the lien in favor of Lott-Lewis Company.

According to the testimony of the claimant himself, he (Allen) originally bought the lumber in question from Brady and sold it to W. M. Wall, doing business as Wall Lumber Company. This was before the foreclosure of the Lott-Lewis Company's lien, and without notice of any lien. The lien fi. fa. was levied, and the lumber was sold under a "short order." The Wall Lumber Company took no steps to prevent the sale; it filed no claim to the lumber. On the contrary, the lumber was purchased at the sale by the witness (the plaintiff in error) for Wall, and his right as claimant of the fund depends upon the fact that Wall was unable to repay him the amount of money which, acting for Wall, he had bid at the sheriff's sale, otherwise than by transferring to him Wall's claim to the fund, in satisfaction of the debt. In the *Wall* case, supra, we held that Wall was estopped from claiming, because he bought at the "short-order" sale. This being true, he can not convey to Allen a right to claim. But aside from this, there is no view of the case in which Allen could claim the fund after the sale. The money realized at the sale must be treated as belonging to the defendant, Brady. Even if Wall and Allen had not estopped themselves from claiming the lumber by bidding for their own property, and thus waiving any title they might have had therein, they could not claim the fund. Their recourse would be to proceed against the purchaser for the property or its value.             *Judgment affirmed.*