33137. MULLINAX *v*. TURNER.

DECIDED NOVEMBER 16, 1950. REHEARING DENIED DECEMBER 5, 1950.

*Robert A. Edwards, Haas & Hurt, J. Corbett Peek Jr.*, for plaintiff in error.

*Harold L. Murphy, Don B. Howe,* contra.

WORRILL, J. ■ Inasmuch as the demurrer to the amended petition does not renew the original demurrer, no question is raised by the record in this case as to the several special de-

murrers attacking certain paragraphs of the original petition. Paragraph 15 of the petition, which was unchanged by the amendment is as follows: "As a result of said collision, which collision was directly and proximately caused by defendant's negligence, plaintiff's body came into violent contact with some hard yielding substance and she sustained injuries to her person as follows: her left knee was lacerated and torn, there being a laceration thereon 6 inches long which required 15 sutures to close. Her ankle and right knee were bruised, contused and lacerated. Her left knee is stiff and has pained her continually. Her eyes were injured and her vision impaired, which impairment is becoming worse. Her chest pains her continually. Her left breast was bruised, which bruise has resulted in a lump. Her left shoulder was strained and the muscles and ligaments torn and contused so that the shoulder has dropped. She is unable to lift her left arm except to a limited degree because of these injuries. Her nervous system is shattered and permanently injured. She sustained bruises and scars over her body. She has suffered and will continue to suffer severe mental agony and physical pain. She was obliged to remain in the Bremen Hospital for 19 days because of these injuries and was in bed two months. All her injuries are permanent." The defendant demurred to this paragraph as follows: "Defendant demurs to the allegations of Paragraph 15 of plaintiff's petition, upon the ground that same are mere conclusions of the pleader, and are confusing, and defendant moves to strike the same."

We do not think that the paragraph thus demurred to is subject to the attack made. As to the attack that the allegations therein are conclusions, it is not clear just what allegations the demurrer refers to. As to the statement that the collision was directly and proximately caused by the defendant's negligence, allegations of other paragraphs of the petition and of the petition as a whole sufficiently show facts from which the plaintiff was justified in this paragraph in merely stating the legal conclusion. As to the other allegations respecting the injuries sustained by the plaintiff, it is difficult to imagine how these could be more expressly alleged. Reasonable certainty in pleadings is all that is required, and we think that, as to this element of the demurrer, the petition was sufficient. *Watts* v. *Rich,* 49

*Ga. App.* 334 (175 S. E. 417); *Guardian Life Ins. Co.* v. *Mc-Michael,* 74 *Ga. App.* 53, 55 (38 S. E. 2d, 689). As to the complaint that this paragraph is confusing, the plaintiff in error fails to point out how or wherein such allegations are confusing, and they are certainly not so upon their face. A demurrer being a critic, should itself be free from imperfection. *Southern States Portland Cement Co.* v. *Helms,* 2 *Ga. App.* 308, 314 (58 S. E. 524). The trial judge did not err in overruling the special demurrer.

■ The general demurrer was without merit. The petition alleges that the plaintiff was riding in an automobile being driven westwardly on the right-hand side of the highway and that it was run into and struck by the automobile driven by the defendant which was being operated at an excessive speed in violation of the State speed law and on the left-hand side of the road relative to the direction in which it was traveling, and that as a result of the collision she sustained certain described personal injuries. This was sufficient to withstand the general demurrer. The trial court did not err in overruling the general demurrer to the amended petition and in overruling the oral motion to dismiss the action on the ground that no cause of action was set out.

■ The first special ground of the motion for new trial complains because the court admitted over the defendant's objections testimony of the plaintiff as to what happened when the two cars collided. This was objected to on the ground that, the plaintiff having stricken paragraph 14 of the petition, there was no allegation that the cars collided and plaintiff should be held strictly to her petition. This ground of the motion is without merit. While the petition (after paragraph 14 had been stricken) may not have directly alleged that the cars collided, the petition plainly shows that the cause of action grew out of the collision of two automobiles, one driven by the defendant, and the other in which the plaintiff was riding as a passenger. Paragraph three of the petition alleges that "at the time of this *collision,*" etc. In paragraph 13 it is alleged that "Plaintiff's son [the driver of the automobile in which plaintiff was riding] made every possible effort to avoid a *collision* with defendant." Paragraph 15 begins: "As a result of said *collision,*" etc. (Italics

ours.) Furthermore, several other witnesses testified without objection on the part of the defendant as to the fact of the collision, and in fact the defendant himself did not deny the fact that there was a collision. Under such circumstances the trial court did not err in permitting the plaintiff to testify as complained of in the first ground of the amendment to the motion for a new trial.

■ The second special ground of the motion for a new trial complains of the exclusion of the testimony of a witness for the defendant as to a conversation had with the plaintiff's son at the hospital where he was taken with the other injured after the collision. The answer excluded was, "To the best of my recollection, the general topic of the conversation was that Turner knew he was wrong." This was objected to by the plaintiff on the ground that the statement that "Turner knew he was wrong" was a conclusion of the witness. The court sustained the objection. Assuming that this testimony is otherwise admissible, it was not error for the court to exclude such evidence. So far as appears there had been no statement of facts by the witness as to the actual words of the conversation had with Turner. As to whether, from the actual words used by Turner in the conversation he was to be understood as admitting that he was in the wrong in the matter was, we think, a question to be decided by the jury from the evidence as to what was actually said, and to permit the witness to thus testify was to permit an invasion of the province of the jury.

■ Ground three of the amendment to the motion for a new trial complains of the exclusion of testimony of a witness for the defendant as follows: Question: "Did he drive carefully or not?" Answer: "If he hadn't been a good driver, I wouldn't have gone to sleep in the back seat." This question and answer were excluded on the ground that it called for a conclusion on the part of the witness. We think that the same reasoning as applied to the second special ground of the motion applies to this ground, and that the trial court did not err in excluding this testimony and in thereafter overruling this ground of the motion for a new trial.

■ The fourth special ground of the motion for new trial assigns error on the failure of the court to instruct the jury,

without request, on the meaning of the term "proximate cause." In the absence of a timely written request, it is not error for the court to fail to so instruct the jury, and the trial court did not err in overruling this ground of the motion. *Stewart* v. *Mynatt*, 135 *Ga.* 637(4), 640 (70 S. E. 325); *Southern Grocery Stores Inc.* v. *Cain*, 50 *Ga. App.* 629(3) (179 S. E. 128); *Black & White Cab Co.* v. *Clark*, 67 *Ga. App.* 170(11), 175 (19 S. E. 2d, 570); *Southern Ry. Co.* v. *Florence*, 81 *Ga. App.* 1(5), 9 (57 S. E. 2d, 856).

■ The general grounds of the motion are without merit. While the evidence was in conflict, there was ample evidence supporting the allegations of the petition and the plaintiff's theory as to the cause of the collision, and the jury having resolved any conflict in the evidence in favor of the plaintiff, such finding will not be disturbed by this court.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*