23011.   COMMONWEALTH UNITED CORPORATION v.
ROTHBERG et al.

Argued June 15, 1965—Decided July 12, 1965.

*Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., Hugh M. Dorsey, Jr., R. W. Crenshaw, Jr.,* for plaintiff in error.

*George G. Finch, Powell, Goldstein, Frazer & Murphy, B. D. Murphy, James N. Frazer, Harold Sheats, Walter W. Aycock,* contra.

COOK, Justice. "The general rule is that an action [at law] will not be enjoined at the instance of one not a party thereto." *Stone v. King-Hodgson Co.,* 140 Ga. 487, 491 (79 SE 122). "Equity will not enjoin the proceedings and processes of a court of law, unless there be some intervening equity or other proper defense of which the party, without fault on his part, cannot avail himself at law." *Code* § 55-103.

In this case the plaintiff seeks to enjoin the prosecution of a suit to which it is not a party and by the result of which it will not be bound.

The fact that the plaintiff in the action sought to be enjoined is a majority stockholder of the defendant corporation in that action did not operate to make the action a collusive one, or the same person both plaintiff and defendant. *Waycross Air-Line R. Co. v. Offerman & Western R. Co.,* 109 Ga. 827, 828 (35 SE 275); *Shingler v. Shingler,* 184 Ga. 671, 672 (192 SE 824); *Independent Gasoline Co. v. Bureau of Unemployment Compensation,* 190 Ga. 613, 614 (10 SE2d 58). Nor would collusion, if it existed, constitute grounds for enjoining the proceeding at the suit of one not a party and who would not be bound by the judgment. *Smith v. Cuyler,* 78 Ga. 654, 659 (3 SE 406).

For the foregoing reasons, it can not be said that the trial judge erred in denying the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*