23120. LOWE et al. v. CITY OF ATLANTA.

Submitted September 15, 1965—Decided October 19, 1965.

*Wyman C. Lowe,* for plaintiffs in error.

*Henry L. Bowden, Charles M. Lokey,* contra.

Cook, Justice. ■ In the petition as originally brought it was contended that the Federal tax liens under which the property was sold on July 1, 1963, were superior to the liens for taxes claimed by the City of Atlanta. The city does not contest this position, and the question of lien priorities is not the controlling issue in the case.

The Federal law under which the property was sold provides for the sale of seized real property and for the issuance of a "certificate of sale" to the purchaser at the tax sale. 26 U.S. C.A. §§ 6335, 6338. Should the taxpayer fail to redeem the real property sold within one year of the sale, the purchaser would be entitled to a deed to the real property purchased. 26 U.S.C.A. § 6338 (b). Under the allegations of the petition, the petitioners never acquired the deed contemplated by the

Federal statute. They acquired only a certificate of sale, and prior to the time the deed could have been secured, the property was redeemed by the taxpayer. A certificate of sale in these circumstances does not pass title to the property and is not evidence that title has passed. *Flemister v. Flemister*, 83 Ga. 79 (3) (9 SE 724); *Beckham v. Lindsey*, 22 Ga. App. 174 (95 SE 745).

*Code* § 92-8302 provides: "When property has been redeemed, the effect thereof shall be to put the title conveyed by the tax sale back into the defendant in fi. fa., subject to all liens existing at the time of the tax sale, . . ." The petitioners contend that this section applies only to tax sales by the State or some subdivision thereof, and not to sales by the United States Internal Revenue Service. While the provisions of the Federal statutes control as to the manner in which property may be redeemed after sale for Federal taxes, once the redemption has become effective, the effect of the redemption as to other liens on the property would be determined by the statutes of this State.

After the redemption by the taxpayer, Viola Brown, the property again became subject to the tax liens of the city, and the quitclaim deed from the taxpayer conveyed the property subject to those liens. It was not error for the trial judge to dissolve the temporary restraining order.

■ In the amendment filed on the same date the motion to reconsider was made, the petitioners struck from their petition the allegation that Viola Brown redeemed the property and subsequently quitclaimed it to them, and substituted in lieu thereof the following: "Within a week after petitioners so bought said parcel of land [describing it], Viola Brown attempted to redeem said property from plaintiffs and before she did so conveyed for consideration all her interest in said largest parcel by quitclaim deed to plaintiffs."

This somewhat ambiguous amendment appears to be an attempt to substitute allegations contradictory of those in the petition at the time the order was entered. A party may withdraw assertions made in his verified pleadings, but he can not avoid the effect of the admissions made therein, and the oppo-

site party may introduce such pleadings in evidence. *Lydia Pinkham Medicine Co. v. Gibbs,* 108 Ga. 138 (33 SE 945); *Cooley v. Abbey,* 111 Ga. 439, 443 (36 SE 786); *Alabama Midland R. Co. v. Guilford,* 119 Ga. 523 (1) (46 SE 655). Under the same principle a trial judge acting without a jury may consider former pleadings.

There is nothing in the record in the present case to show that the judge abused his discretion in denying the motion to reconsider his order dissolving the temporary restraining order.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*