## 23993. DIXIE PLYWOOD COMPANY OF ATLANTA, INC. v. BROWN.

ARGUED MARCH 14, 1967—DECIDED MARCH 23, 1967.

*Brown & Dollar, James R. Dollar, Jr., A. Ed Lane,* for appellant.

*Tisinger & Tisinger, Robert D. Tisinger, Richard G. Tisinger,* for appellee.

GRICE, Justice. This appeal is from an order purporting to make permanent as an injunction the restraining order previously entered. The judgment complained of arose from a petition filed in the Superior Court of Fulton County by H. Grady Brown, who claimed he owned the property, against Dixie Plywood Company of Atlanta, Inc., the holder of a security deed

covering the property. Initially, upon presentation of the petition, the defendant, appellant here, was temporarily restrained from foreclosure and sale thereunder and from alienating or encumbering the property. Following an interlocutory hearing an order was entered making the "temporary injunction heretofore granted . . . permanent."

The evidence was not in conflict. While there was some oral testimony, practically all of it related to the documentary evidence.

In chronological order these documents showed the events which follow.

(1) Georgia Maid Cabinet Co., Inc., on November 1, 1960, executed a security deed covering the property to the Bank of Villa Rica. This security deed is not in dispute here.

(2) The Director of Internal Revenue of the United States, on various dates from May 24, 1961, to July 31, 1961, levied a number of tax liens in stated sums upon this real property owned by Georgia Maid Cabinet Company. These liens were duly recorded in the clerk's office of Douglas County, where the property is located.

(3) Georgia Maid Cabinet Company, on August 25, 1961, executed to the appellant Dixie Plywood Company a security deed covering this property, securing a stated indebtedness. This deed, which was recorded September 23, 1961, recited that it was subject to the prior security deed from the grantor to the Bank of Villa Rica.

(4) The District Director of Internal Revenue caused this property to be advertised for sale on April 4, 1963.

(5) The District Director of Internal Revenue, on May 4, 1964, executed a deed to the appellee which conveyed, released and quitclaimed to him "all of the estate, right, title and interest which the said Georgia Maid Cabinet Company, Inc., had" to the property, "to have and to hold [it] as fully and absolutely as the . . . Director can or could convey by virtue of levy and the laws of the United States relating thereto."

1. The evidence upon the interlocutory hearing authorized a finding that the United States sold, and the appellee purchased, all the right, title and interest of the tax delinquent

in this property at the time the United States tax liens attached, which times were prior to the execution of the security deed by the delinquent to the appellant.

The appellant's contention that the property was sold subject to its security deed is without merit. For the contention it relies on the statement in the advertisement of sale by the United States that "Only the right, title and interest of [the delinquent] in and to the property will be offered for sale," and the fact that the government's deed to appellee, the purchaser, was a quitclaim, rather than a warranty, deed.

However, the statement above quoted must be considered in the light of 26 USC § 6339 (b) (2), which provides that "If the proceedings . . . have been substantially in accordance with the provisions of law, such deed shall be considered and operate as a conveyance of all the right, title and interest the party delinquent *had* in and to the real property thus sold *at the time the lien* of the United States *attached* thereto," and the fact that there was outstanding a security deed which had been executed prior to the time the tax lien attached. (Emphasis supplied.) That the government gave a quitclaim, rather than a warranty, deed is of no significance.

2. However, since the court had no power to grant a permanent injunction upon an interlocutory hearing, direction is given that the judgment be modified so as to be operative only until the final hearing or the further order of the court. *Cross v. Miller*, 221 Ga. 579 (146 SE2d 279).

*Judgment affirmed with direction. All the Justices concur.*