### 47436. SUMMER v. ALLISON et al.

SUBMITTED SEPTEMBER 14, 1972—DECIDED SEPTEMBER 28, 1972.

*Frank Lawson, Norman H. Fudge, Stone & Stone, Noah J. Stone,* for appellant.

*Morris, Redfern & Butler, C. David Butler, Norman Estes Smith,* for appellees.

EBERHARDT, Presiding Judge. The question raised in all enumerations of error is whether the sale of the note and its purchase by Summer, under the circumstances and facts above recited, had the effect of passing to Summer title to the whole of the indebtedness represented by the note. Collateral questions raised are whether the levy and seizure of the note amounted to a transfer of it from KBM to Internal Revenue, and hence whether the assertion in the answer of the garnishee that he was not indebted to KBM was true, and, even if not, whether the subsequent sale divested KBM of all right, title and interest in the note; whether the fortunes of the garnishing creditors followed those of their debtor, who was, at the time of levy and seizure, the holder of the note; and whether service of the summons of garnishment after levy and seizure but before the sale afforded to the garnishing creditors an enforceable lien against the note which could survive its sale.

■■ That the levy and seizure of the note[3] with service of notice on the debtor amounted to a "virtual" transfer, or was tantamount to a transfer of ownership to Internal Revenue, seems to have been settled in United States v. Eiland, 223 F2d 118, 121, where it was asserted that "the service of such notice results in what is virtually a transfer to the government of the indebtedness, or the amount thereof necessary to pay the tax, so that payment to the government pursuant to the levy and notice is a complete defense to the debtor against any action brought against him on account of the debt." And in United States v. Sullivan, 333 F2d 100, 116, it was held that a "Statutory levy is

---

[3]Choses in action are not subject to seizure and sale under executions based upon ordinary judgments unless made so by statute. *Fidelity & Deposit Co. v. Exchange Bk. of Macon,* 100 Ga. 619 (2) (28 SE 393); *Tow v. Evans,* 194 Ga. 160, 163 (20 SE2d 922). See *Code* §§ 39-113, 109A-8—317. There is, of course, authority for the levy and seizure here under 26 USC §§ 6331 and 6334 and the levy did not proceed under an execution based upon an ordinary judgment.

substantially broader in scope than anything known to the common law, and it is applicable to intangible as well as tangible property. See Glass City Bank of Jeanette, Pa. v. United States, [326 U. S. 265 (66 SC 109, 90 LE 56)]. When validly invoked, it effects a seizure of the delinquent's property tantamount to a transferal of ownership. See United States v. Eiland, 223 F2d 118, 121." It accomplishes "at least . . . an assignment [by the delinquent taxpayer] to the United States by operation of law." Cherry Valley Homes, Inc. v. United States, 255 F2d 706, 707.

█ If the affidavit of Mr. Fitzpatrick expresses an opinion[4] to the contrary, it is one as to the legal effect of what occurred and binds no one (*Swofford v. Glaze,* 207 Ga. 532, 535 (63 SE2d 342)), no confidential relationship existing. *Dixon v. Dixon,* 211 Ga. 557, 563 (87 SE2d 369); *Beckmann v. Atlantic Ref. Co.,* 53 Ga. App. 671 (2) (187 SE 158).

█ Insofar as the affidavit states the intent as to whether Internal Revenue should acquire ownership of the note by virtue of the levy, seizure and notice, Mr. Fitzpatrick could in no circumstances do more than state his own intent. "A witness can not state his mere conclusion that others than himself knew a fact." *Bush & Hattaway v. McCarty Co.,* 127 Ga. 308 (6) (56 SE 430, 9 AC 240). Nor can he state what the desires of others may have been. *Slaughter v. Heath,* 127 Ga. 747 (6) (57 SE 69, 27 LRA (NS) 1). And see *Srochi v. Kamensky,* 121 Ga. App. 518, 522 (174 SE2d 263); *Mullinax v. Turner,* 83 Ga. App. 1, 5 (62 SE2d 398). "A witness will not be permitted to prove the opinions of others on any question." *Sullivan v. Hughly,* 32 Ga. 316 (1). He may state his own opinion, within the ambit of *Code* § 38-1708, but he can not testify as to what opinion may be held by others, except as stated in *Overnite Transportation Co. v. Hart,* 126 Ga. App. 566 (1), supra, and in like

---

[4]Opinion evidence is not permissible as a basis for the grant of summary judgment, though it may be used in opposition. *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395).

manner and for similar reasons he may state what his own intent may have been in a particular situation, but he can not testify what intent others may have had. "[A] witness may testify as to his own intent or purpose (*Nichols v. Ward,* 27 Ga. App. 501 (2) (108 SE 832); *Alexander v. State,* 118 Ga. 26 (4) (44 SE 851)); but not that of another (*Carey v. Moore,* 119 Ga. 92 (1) (45 SE 998)); nor can he state the purpose of an unambiguous contract which clearly reveals its purpose. *Willingham v. Sterling Cycle Works,* 113 Ga. 953 (1) (39 SE 314); *Harris & Mitchell v. Amoskeag Lbr. Co.,* 97 Ga. 465, 469 (25 SE 519)." *Thomas v. State of Ga.,* 95 Ga. App. 699, 708 (99 SE2d 242). Since he may not state the purpose of an unambiguous contract, neither may he state a purpose or an intended result of a levy, seizure and notice which purpose or intended result is contrary to the provisions of a plain statute, or constructions thereof which have been made by the courts. Only facts which are within the personal knowledge of the witness and which "would be admissible in the evidence" may be considered on a motion for summary judgment, or in opposition thereto. *Code Ann.* § 81A-156 (e), CPA § 56 (e). Testimony by Mr. Fitzpatrick of what the intent or contemplation of KBM or of Internal Revenue had been had no probative value, and testimony as to what his intent or contemplation had been was not admissible in this context. Cf. *Adams v. Eatherly Hdw. Co.,* 78 Ga. 485 (1a) (3 SE 430).

We are thus left to the rulings of the courts as to the legal effect of the action taken.

■ The garnishment intervening between the levy, seizure and service of notice and the sale could not and did not in any wise affect the status arising from the levy and service of notice. "[N]o creditor could have acquired any rights . . . with respect to a debt on which the United States had already made a levy and served a notice, the effect of which was to transfer the right to receive payment of the debt to the United States." United States v. Eiland, 223 F2d 118, 123. Consequently, we must conclude that service of the summons of garnishment on Summer after the levy,

seizure and service of notice by Internal Revenue afforded to the garnishing creditors no intervening lien or right to have or receive payment from the proceeds of the sale where the whole of the note and indebtedness were sold and it brought no more than the amount of the government's tax claim with interest and costs. Even if the garnishment could be said to have afforded an intervening lien it was divested by the sale. 26 USC § 6339 (c).

■ The rights of a garnishing creditor rise no higher than those of the defendant in fi. fa. What one cannot recover himself cannot be recovered by garnishment against him. *Bates & Co. v. Forsyth,* 69 Ga. 365. A garnishing plaintiff's position is no better than that of the debtor. "If the defendant himself, suing the garnishee, could not get a judgment against him, the garnishing plaintiff can not get a judgment against the garnishee. The creditor may stand in his debtor's shoes by means of garnishment, but he gains no additional privileges." *Singer Sewing Machine Co. v. Southern Grocery Co.,* 2 Ga. App. 545, 548 (59 SE 473). Where a fund was held by a trustee for the garnishee we held that it could not be reached by garnishment against the trustee. *Foster v. Southern Bell Tel. &c. Co.,* 85 Ga. App. 504 (69 SE2d 644). It cannot be gainsaid that under 26 USC § 6339 the sale of the note divested KBM of all right, title or interest that it had in the note and the indebtedness represented thereby. It could not sue or recover thereon, and the garnishing creditors have no better rights or standing. Cf. *Hiatt v. Edwards,* 52 Ga. App. 152, 156 (182 SE 634).

■ "The issue formed on a traverse to an answer of a garnishee is whether or not the garnishee was indebted to or had assets of the defendant between the time of the service of the summons of garnishment and the time of the answer by the garnishee. *Aiken v. Smith,* 68 Ga. App. 538, 542 (23 SE2d 584)." *Adair-Levert, Inc. v. Atlanta Envelope Co.,* 70 Ga. App. 685 (29 SE2d 323).

Since the levy, seizure and service of notice was "tantamount to a transferal of ownership" of the note and indebtedness from KBM to Internal Revenue, it must follow

that the trial court erred in sustaining the traverse of the garnishee's answer that he was not indebted to KBM at the time the summons was served upon him, or at any time afterward up to the time of making answer. If he had answered otherwise he might well have subjected himself to a double payment—to the garnishing creditor and to Internal Revenue.

While KBM had a right under 26 USC § 6337 (a)[5] to redeem the note by paying to Internal Revenue the full amount of the taxes, interest and costs up to the time of sale, it had not done so at any time between the service of the summons of garnishment and the making of answer by the garnishee, and indeed did not do so at any time prior to the sale. It is possible that the judgment creditors likewise might have redeemed the note by making payment in behalf of KBM, but they did not. This alternative, however, has obvious problems and pitfalls,[6] practical and legal, a consideration of which probably convinced the garnishing creditors that they should not. After the levy KBM's interest or right under the note was a mere contingency, having

---

[5] 26 USC § 6337 (a) Before sale.—"Any person whose property has been levied upon shall have the right to pay the amount due, together with the expenses of the proceeding, if any, to the Secretary or his delegate at any time prior to the sale thereof, and upon such payment the Secretary or his delegate shall restore such property to him, and all further proceedings in connection with the levy on such property shall cease from the time of such payment."

[6] E.g., would the payment be a voluntary one? See *Code* § 20-1007; *Hill v. Shaw,* 62 Ga. App. 757 (1) (9 SE2d 850); *Mitchell County v. Phillips,* 152 Ga. 787 (2, 4) (111 SE 374). The payment would release the note back to KBM—not to the creditors. What would be the position of these creditors if, having paid the Government's claim, KBM were adjudged a bankrupt, voluntary or involuntary, with attendant claims for wages, taxes due to the State, county and city, other judgment creditors, etc.?

no ascertainable value, and which, after the sale completely expired had no value. It could not be subjected by garnishment or other in rem proceedings. *Camp v. Aetna Life Ins. Co.,* 220 Ga. 832 (142 SE2d 248).

Garnishment is a proceeding at law. It is not in equity, and it must be measured by the strict terms of the statute. The courts have no right to enlarge this purely statutory remedy or to hold under it property which is not made subject to the process. *Rager v. Maxon Shirt Co.,* 210 Ga. 408 (1) (80 SE2d 183); *Few v. Pou,* 32 Ga. App. 620 (2) (124 SE 372). This is especially true when the proceeding is pending or is tried in courts with only common law jurisdiction, where affirmative equitable relief is not available. *Southern Flour &c. Co. v. Northern Pacific R. Co.,* 127 Ga. 626 (1) (56 SE 742, 9 LRA (NS) 853, 119 ASR 356, 9 AC 437); *Woodruff v. McDonald Furn. Co.,* 96 Ga. 86, 88 (23 SE 195). Whether some equitable remedy may have been available to these creditors after the levy and seizure of the note is a matter not raised or before us. We do note, however, that the Internal Revenue Service accomplished the levy, seizure and sale in strict compliance with the law, and equity follows the law. *Code* § 37-103; *Savannah Steam Rice Mill Co. v. Hull,* 103 Ga. 831 (30 SE 952); *McConnell v. Floyd County,* 164 Ga. 177 (9) (137 SE 919); *Lewis v. Bd. of Ed. of Lowndes County,* 183 Ga. 687 (1) (189 SE 233). "Where, therefore, a plaintiff in garnishment in a city court would not be entitled to recover against the garnishee, under his traverse of the garnishee's answer, except by the application of a purely equitable rule applicable only in equitable proceedings or money rules, the plaintiff cannot prevail." *Few v. Pou,* supra, p. 625.

That Summer may have been a stockholder in KBM does not require a different result or conclusion. A stockholder and the corporation are separate entities. *Commonwealth United Corp. v. Rothberg,* 221 Ga. 175, 176 (143 SE2d 741). Nothing in this record indicates that he has used the corporation to perpetrate a fraud, or as a subterfuge to work an injustice, or that he could have done so. It does not appear that he was an officer or a majority stockholder; the con-

trary appears. He was not in control of it. There is thus no "corporate veil" to pierce. *Farmers Warehouse v. Collins,* 220 Ga. 141 (2) (137 SE2d 619), citing Fletcher, Cyc. Corps., Vol. 1, § 41.1, p. 169; *Condenser Serv. &c. Co. v. Brunswick Port Authority,* 87 Ga. App. 469, 474 (74 SE2d 398); *Schwob Mfg. Co. v. Huiet,* 69 Ga. App. 285 (25 SE2d 149).

■ What was the effect of the sale? The certificate, issued under 26 USC § 6339 is "Conclusive evidence of the regularity of [the] proceedings in making the sale; and, shall transfer to the purchaser all right, title, and interest of the party delinquent in and to the property sold." The certificate also discharges the property sold from all liens or encumbrances over which the lien of the United States was superior. 26 USC § 6339 (c).

The whole of the indebtedness represented by the note was sold—not a part only. Thus, the sale vested in Summer title to the note and the indebtedness represented thereby. KBM was completely divested of any right to or interest therein. There is no provision of law for any redemption of the property after the sale.[7] If one wholly a stranger to the situation had purchased at the sale Summer would have been liable to him, but not to the garnishing creditors. If the garnishing creditors had bought the note at the sale, he would have been liable to them for the full amount due thereunder. This may have been their best remedy. But since Summer bought the note himself he is not now legally obligated to pay it.[8] Cf. *Code* § 85-710; *Swinson v.*

---

[7]There is provision for the redemption of realty under 26 USC § 6338, but none as to any other type of property. See *Lowe v. City of Atlanta,* 221 Ga. 477 (145 SE2d 534).

[8]A moral obligation alone, if one exists, is not enforceable. *Brazell v. Hearn,* 33 Ga. App. 490 (127 SE 479). It may supply the consideration for new promise, *Code* § 20-303, but no new promise appears to have been made. Cf. *Davis & Co. v. Morgan,* 117 Ga. 504, 506, 507 (43 SE 732, 61 LRA 148, 97 ASR 171).

*Shurling,* 162 Ga. 604 (134 SE 613).

"The purchaser at the sale acquires just the title which the defendant had,—no more, no less." *Wall Lumber Co. v. Lott-Lewis Co.,* 5 Ga. App. 604 (63 SE 637). Liens inferior to that under which the levy and sale were made are divested from the property sold. Cf. *Allen v. Lott-Lewis Co.,* 8 Ga. App. 313 (68 SE 1073). See *Dixie Plywood Co. of Atlanta v. Brown,* 223 Ga. 254 (154 SE2d 250), where it was held that the sale conveyed all of the right, title and interest which the delinquent taxpayer held in the property at the time the government's lien attached. Here the lien attached at the time of the levy, seizure and service of notice.

■ At the sale representatives of KBM and of the garnishing creditors were present. There is in the record a transcript of what occurred, and it appears that the representative of Internal Revenue announced that the note would be sold "as is, where is, and without any recourse against the United States," informed those present that the minimum bid that would be accepted was $46,515.84, and that the only bid submitted was that of Summer. Specific inquiry was made to the representatives of both KBM and the garnishing creditors as to whether they or either of them wished to submit bids, and each answered that they did not. Cf. *Bearden v. General Motors Accept. Corp.,* 122 Ga. App. 180 (176 SE2d 652). There was no protest of the sale,[9] and no equitable proceedings interposed to protect whatever interest they may have had or claimed to have in the note. They are now estopped to assert any claim against Summer.

■ The price received upon the public sale was prima facie the value of the note. *Bearden v. General Motors Accept. Corp.,* 122 Ga. App. 180, supra. There has been no valid attack made on the sale, and even if the price had been inadequate this alone would not suffice to set the sale aside; it would be necessary to show fraud, mistake, etc., and it could be done only in a court of equity. *Croft v. Sorrell,* 151

[9] A protest likely would have been useless under 26 USC § 6339.

Ga. 92 (1) (106 SE 108). There is nothing in the record to indicate that the value of the note was greater than the amount for which it sold, and nothing to indicate that there was any fraud or collusion in the conduct of the sale. It was made openly, and all interested parties had a fair opportunity to bid. The certificate of sale, under 26 USC § 6339 is "conclusive evidence of the regularity of [the] proceedings in making the sale."

We conclude that there was no issue raised as to any material fact and the trial court erred in sustaining the traverse to the garnishee's answer, in granting summary and final judgment to the garnishing creditors, and in denying the garnishee's motion for summary judgment.

*Judgment reversed with direction that judgment be entered for the garnishee, H. H. Summer. Deen and Clark, JJ., concur.*