69787. MASON v. THE STATE.
(333 SE2d 694)

BANKE, Chief Judge.

The defendant was convicted of criminal attempt to commit rape. The victim, a 17-year-old high school student, lived with her parents in a residential neighborhood in Athens, Georgia. While returning from a walk one evening, she noticed that someone was following her, and she began to walk more quickly toward home. She testified that as she approached her yard, this person tackled her from behind, covered her mouth, unbuttoned her pants, and tried to unzip them. She stated that the assailant loosened his grip on her in response to her assurance that she would not struggle, whereupon she bit him and began screaming for help, prompting him to flee.

Immediately after this incident took place, an unfamiliar automobile was discovered near the victim's house, parked on the wrong side of the street with the engine still warm. This automobile, which was shown to have belonged to the defendant, was gone the following morning. At trial, the victim positively identified the defendant as her assailant. After his arrest for the offense, the defendant had jumped bail and remained a fugitive in Oklahoma for three years before being identified there and returned for trial.

The defendant admitted that he had parked his car near the victim's home, but he asserted that at the time the offense took place he was in a park in another part of the city. He denied that he had assaulted the victim or that he had even seen her on the night in question.

The prosecuting attorney was permitted to ask the victim, over objection, what she thought the defendant's intentions were, to which she replied, "rape." The defendant contends that this response constituted an inadmissible conclusion and that its admission in evidence

constitutes reversible error. *Held*:

1. In *Bennett v. State*, 165 Ga. App. 600 (1) (302 SE2d 367) (1983), involving a state's witness who was allowed to give her opinion of an accused burglar's intent, this court held that "[c]onsidering the totality of the witness' testimony, there was no error in allowing the witness to give her opinion as to what she thought was the purpose of appellant's illegal entry where the opinion's basis was submitted to the jury for its evaluation and weight." Id. at 600-601. We hold that the testimony of the victim in this case regarding what she believed her assailant's intentions to have been was similarly admissible for what it was worth. Moreover, in the context of the other evidence presented in the case, we find it highly probable that the testimony in question did not contribute to the jury's verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

2. The defendant also enumerates as error the trial court's denial of his request to charge on simple battery as a lesser included offense. Since the defendant maintained at trial that he was not present and was in no way involved in the transaction, he was not entitled also to defend on the theory that he was present but participated in a less serious offense. See *Jones v. State*, 172 Ga. App. 347 (323 SE2d 174) (1984); *Tuggle v. State*, 149 Ga. App. 844 (6) (256 SE2d 104) (1979).

*Judgment affirmed. Deen, P. J., Birdsong, P. J., Sognier, Pope, Benham, and Beasley, JJ., concur. McMurray, P. J., and Carley, J., dissent.*

McMurray, Presiding Judge, dissenting.

I disagree with the ruling set forth in Division 1 of the majority opinion. Accordingly, I respectfully dissent.

" 'A witness can not state his mere conclusion that others than himself knew a fact.' *Bush & Hattaway v. McCarty Co.*, 127 Ga. 308 (6) (56 SE 430, 9 AC 240). Nor can he state what the desires of others may have been. *Slaughter v. Heath*, 127 Ga. 747 (6) (57 SE 69, 27 LRA (NS) 1). And see *Srochi v. Kamensky*, 121 Ga. App. 518, 522 (174 SE2d 263); *Mullinax v. Turner*, 83 Ga. App. 1, 5 (62 SE2d 398). 'A witness will not be permitted to prove the opinions of others on any question.' *Sullivan v. Hughly*, 32 Ga. 316 (1). He may state his own opinion, within the ambit of [former] Code § 38-1708 [now OCGA § 24-9-65], but he can not testify as to what opinion may be held by others . . . and in like manner and for similar reasons he may state what his own intent may have been in a particular situation, but he can not testify what intent others may have had. '(A) witness may testify as to his own intent or purpose (*Nichols v. Ward*, 27 Ga. App. 501 (2) (108 SE 832); *Alexander v. State*, 118 Ga. 26 (4) (44 SE 851); but not that of another (*Carey v. Moore*, 119 Ga. 92 (1) (45 SE 998) . . .' " *Summer v. Allison*, 127 Ga. App. 217, 223 (193 SE2d 177).

Thus, in my opinion, it was error to allow the victim to testify as to what she believed to be the intent of the defendant. See *Lester v. State*, 75 Ga. App. 42, 59 (42 SE2d 141); *Jones v. State*, 75 Ga. App. 610, 613 (3) (44 SE2d 174); *Wilson v. State*, 153 Ga. App. 215 (2) (265 SE2d 79). See also *Robinson v. State*, 128 Ga. 254, 255 (4) (57 SE 315).

"Since under some circumstances such inadmissible evidence is harmful and under other circumstances harmless, we must look to the particular circumstance surrounding the introduction of this evidence and determine whether or not the same was harmful to the defendant. The expression of the opinion of a witness amounting to a conclusion is harmless where there is ample evidence to support the inference. [Cits.]" *Jones v. State*, 75 Ga. App. 610, 613, 614 (3), supra. Such is not the case here.

Having reviewed the evidence adduced at trial, I "cannot say that it is highly probable that the error did not contribute to the jury's verdict." *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). "It rarely happens that an assault is accompanied by such overwhelming and conclusive evidence of the intent with which it is committed as to require the jury to find that the assault was made with the intent to commit a rape." *Moore v. State*, 151 Ga. 648, 663 (108 SE 47). In the case sub judice, the intent of the victim's assailant was not manifest. The assailant may have intended only to commit an assault and battery. See *Barton v. State*, 58 Ga. App. 554 (199 SE 357) (1938). Accordingly, I would find the admission of the victim's testimony concerning the assailant's intent to be harmful under the circumstances of this case. Compare *Lester v. State*, 75 Ga. App. 42, 59, supra.

The majority's reliance upon *Bennett v. State*, 165 Ga. App. 600 (1) (302 SE2d 367), is misplaced. In *Bennett*, the trial court simply allowed the victim to state why she believed the defendant might have wanted her pocketbook. This court observed that in so doing, the trial court "admonished the jury that it could not consider her opinion as to the state of mind of the [defendant]." Thus, in *Bennett*, the trial court (and this court, by implication) acknowledged that Georgia law prohibits testimony concerning the state of mind of another. Moreover, it should be pointed out that *Willis v. State*, 154 Ga. App. 164 (2) (268 SE2d 673), cited as authority in *Bennett*, does not concern testimony about the *intent* of another.

In sum, the defendant was accused of attempted rape. The intent of the victim's assailant was questionable. Yet, the prosecuting attorney was permitted to elicit testimony that the intent of the assailant was to "rape" the victim. Because I think the trial court erred in permitting the prosecuting attorney to elicit such harmful testimony, I would reverse the judgment of the trial court.

I am authorized to state that Judge Carley joins in this dissent.

DECIDED JULY 15, 1985.

*Timothy W. Floyd*, for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney*, for appellee.